## JESUS MONDRAGON V. THE STATE.

1. The court below, having granted a change of venue in a felony case, refused to hear proof offered by the defendant that the court house of M. county was the nearest court house, and, on the ground that a speedy trial could not be obtained in M. county, ordered the cause to be removed to C. county. The cause having been removed as ordered, the defendant pleaded to the jurisdiction of the District Court of C. county ; but his plea was overruled. *Held,* that under Article 2999, Paschal's Digest, the court below had a right to remove the cause to C. county, if it was satisfied that there was " some valid objection " to M. county ; and it is not material in what manner the court below became satisfied that there was such objection to M. county, unless it appeared from the record that the defendant's cause was actually and positively prejudiced by the action of the court.

2. The jury were instructed that " if stolen property is traced to the possession of the defendant, he must show that he came lawfully by it, or the law considers him the thief." *Held,* that inasmuch as the evidence showed the defendant's possession of the property to have been recent after the commission of the theft, there was no error in the instruction of which he could complain.

3. In December the defendant was found in possession of goods which had been stolen on the first of November. *Held*, that the possession was sufficiently recent to require that the defendant should explain it so as to exonerate him from the legal imputation of guilt.

Appeal from Comal.    Tried below before the Hon. M. B. Walker.

The appellant was indicted at the October term, 1869, of the Criminal Court of the city of San Antonio, for burglariously entering a house and stealing therefrom a pair of gaiters, a shawl and twelve yards of merino. He made an application for a change of the venue, based on affidavits that so great a prejudice had been excited against him that he could not get a fair trial in Bexar county. There seems to have been no controversy over the change of venue, except as to the county to which the cause should be removed. The court in which the indictment was found was presided over by the Hon. V. P. Van Antwerp, who appears to have acted either on his personal knowledge or upon information not embodied in the record of the case. The defendant appears to have insisted that Medina was the county to which the cause must be removed, its court house at Castroville being the nearest court house to San Antonio of those in all the counties adjoining Bexar. No objection to Medina county was made or suggested in the application for the change of venue, and that being the case the defendant's counsel manifestly considered that the statute, Paschal's Digest, Art. 2998, was mandatory and required that the cause should be removed to Medina, and that there was no power in the court to send it to any other county. Accordingly, when the matter was before the court at San Antonio, he offered evidence, according to his bill of exceptions, " showing that Castroville in Medina county was the nearest county seat adjoining to Bexar county. The court remarked that it had information that there was no district clerk in Medina county, and that that with other circumstances, made it doubtful whether the next regular

xxxiii—31

term of the court would be held there." So the court ordered that this and two other indictments of a similar character against Mondragon, should be removed to Comal county, reciting in its order that it appeared to the court "that speedy trials of the above causes cannot be obtained in Medina county."

This cause came on for trial in the District Court of Comal county at its November term, 1869, when the defendant filed the following plea under oath, as a plea to the jurisdiction :

"In this cause comes the defendant, Jesus Mondragon, and pleads to the jurisdiction of this court : First, this court cannot take jurisdiction in the above entitled cause from the fact that New Braunfels in Comal county is not the nearest county seat adjoining to Bexar, from which the change of venue has been ordered by the Criminal Court of San Antonio. See application of defendant for change of venue, in which there does not appear any objection to Castroville in Medina county, which is actually the nearest county seat in any county adjoining to Bexar county. Also see defendant's bill of exceptions in this cause."

The defendant offered several witnesses to prove the allegations of his plea above set out, but it appears by his bill of exceptions that "the court would not hear the evidence, and overruled the plea."

On trial by the jury, the defendant was found guilty on both of the counts comprised in the indictment, and his punishment was assessed at two years in the penitentiary under each count. He moved for a new trial, but his motion was overruled, and he appealed.

The opinion of this court supplies all other facts of any materiality. The witness who proved the defendant's possession of the goods fixed the time as "in December." They were stolen on the night of the first of November.

No brief for the appellant has reached the Reporter.

*E. B. Turner*, Attorney General, for the State, cited, as to possession of stolen property, Wharton's Criminal Law, 648 ; Jones v. People, 12 Illinois, 259, 341, 398; and 1 Archbold, 135.

LINDSAY, J.—Two prominent objections are urged in the assignment of errors against the verdict and judgment of conviction in this case.   There are other grounds assigned ; but they require no particular notice.   The objections are, first, that no jurisdiction of the cause was acquired in Comal county by the order changing the venue from Bexar county, where the offense is charged to have been committed ; second, that the court erred in giving the unqualified charge to the jury, that "if the stolen property is traced to the possession of the defendant, he must show that he came lawfully by it, or the law considers him the thief."

First—The change of venue was granted on the written application of the defendant, setting forth sufficiently the statutory causes, supported by the required affidavits, to warrant the change. When the change was made to Comal county, the defendant offered to prove that the court house of Medina county was nearer to the court house of Bexar county than that of Comal.   But the court was *otherwise* satisfied, (in what manner, this court think, is not material, unless it should appear from the record that the cause of the defendant was thereby actually and positively prejudiced,) that there was " some valid objection " to the county of Medina. The " valid objection " was stated in the orders of the court.   If it really existed, then, by authority of Article 2999, Paschal's Digest, the court had the right to remove it to such county as might be deemed proper by the judge.

Second—That portion of the charge of the court upon the trial, quoted above, in some states of case, might need some qualifications as a proposition of law.   But it is predicated upon the special facts adduced in proof on this trial.   It is certainly true, as a general proposition of law, that the possession of stolen property

must be comparatively recent to require the possessor to give a satisfactory account of that possession to exculpate him from the legal imputation of guilt. But if the facts proved on the trial show that the possession was recent, the failure or omission to make the qualification in announcing in the charge the deduction which the law makes of a guilty possession, could not operate to mislead the jury, or to prejudice the rights of the defendant. The theft took place in November. By the testimony of the witness, the possession was in the defendant in December, unaccounted for and unexplained. Nor was any attempt made by him to account for that possession. This was a recent unexplained possession of stolen property, in fact, if the witnesses were to be believed. Their credibility could alone be judged of by the jury. Besides, the defendant asked an additional charge from the court, (which was given,) which virtually conceded the recent possession, if the identity of the property was established to the satisfaction of the jury. The judgment is therefore affirmed.

Affirmed.

Walker, J., did not sit in this case.