### JOHN WILLIAMS v. THE STATE.

1. THEFT — CHARGE OF THE COURT — POSSESSION OF RECENTLY STOLEN PROPERTY AS EVIDENCE OF THE THEFT. — It was error to charge that the unexplained possession of recently stolen property is a fact from which alone guilt of the theft may be inferred, irrespective of the attending and surrounding circumstances, and particularly of the further inquiry whether there was occasion and opportunity for explanation by the accused.

2. VENUE OF THE OFFENSE — PRESUMPTION. — In a trial for horse-theft the trial court charged the jury that if the horses, prior to the theft, were last seen in the county where the venue was laid, the law presumed that they stolen in that county. *Held*, erroneous because there is no such legal presumption, and because the charge was on the weight of the evidence and invaded the province of the jury.

APPEAL from the District Court of Washington. Tried below before the Hon. I. B. McFARLAND.

The indictment charged that the appellant, on or about the 28th of February, 1881, stole, took and carried away

from the possession of Thomas Dever, the owner, four certain horses. The verdict pronounced the appellant guilty, and assessed his punishment at ten years in the penitentiary.

According to the proof the owner of the horses lived in Washington county but not more than two miles from the line between that county and the county of Austin. The horses were in the habit of going to graze in an old field which was much nearer the Austin county line than their owner's premises, and, before their disappearance, they were last seen in or near the old field, and the defendant and his brother were seen in or about the same field the evening on which the horses failed to return home as usual. The defendant's brother lived near the old field. The owner looked for his horses without avail in that section of country, but got information which caused him to send a warrant for the arrest of defendant in Fort Bend county, where he lived. The horses were found in the possession of the defendant at his home in Fort Bend county.

No brief for appellant.

*H. Chilton*, Assistant Attorney General, for the State.

Hurt, J.  The court below charged the jury that, " The possession of property recently stolen is a circumstance proper to be given in evidence to the jury, and from which the jury, if the possession remain unexplained, may infer guilt; but it is not of itself conclusive of the fact."

Such a charge as this has been denounced and condemned by the Supreme as well as this court, in terms so clear and strong as should have placed this question at rest in this State. But it seems that these unqualified condemnations by our Supreme Court, and the equally strong and unmistakable denunciations of this court, have

proved unavailing. We are not disposed, if we were competent, to add anything to that which has already been written on this subject; we simply cite and recite these authorities: Arts. 677 and 678, Code Crim. Proc.; *Mondragon* v. *State*, 33 Texas, 480, is overruled in *Perry* v. *State*, 41 Texas, 483; *Thompson* v. *State*, 43 Texas, 268; *Parish* v. *State*, 45 Texas, 51; *Foster* v. *State*, 1 Texas Ct. App. 363; *Alderson* v. *State*, 2 Texas Ct. App. 10; *Watkins* v. *State*, 2 Texas Ct. App. 73; *Allen* v. *State*, 4 Texas Ct. App. 581; *Williams* v. *State*, 4 Texas Ct. App. 178.

The court also charged the jury that, "If the jury believe from the evidence that the horses, when last seen before the theft, were in Washington county, then the law in the absence of further evidence would presume that they were stolen in Washington county." We are not aware of any authority in which it is held that the law makes any presumptions in regard to the nature and habits of horses. The law does not presume at all in such matters, and, if it did, the presumption attributed to it in this charge would in a great many cases be very far from the truth.

Suppose that a horse had been foaled, raised and is being kept in a certain county; he is taken to an adjoining county, and is last seen loose in that county, traveling, however, in the direction of his old home. We are not informed what presumption the law would make, but a jury would very probably infer that the horse had reached his old home. This being a question of fact, the law makes, *in such a case,* no presumption; and therefore the charge was wrong, because, in the first place, the law does not presume anything in regard to this matter, and, second, this being the case, the charge was upon the weight of evidence and a comment on the same. Arts. 677 and 678, Code Crim. Procedure.

The requested but refused charge of defendant makes

it, we think, proper for us to make some observations upon the subject of possession by defendant of stolen property, recently after the theft. In quite a number of cases, as well as this, we have been asked to reverse the judgments because (as is urged by appellants) "recent possession of stolen property is not sufficient to sustain a conviction for theft." Mr. Greenleaf, in his work on evidence, states this proposition: that recent possession of stolen property, unexplained, is *prima facie* evidence of the theft. The Court of Appeals has held and now holds that the bare possession of property, recently after the theft, is not of itself sufficient to support a conviction. But this court has never held that possession by the defendant of the stolen property recently after the theft, unexplained, was not sufficient. Let us illustrate. A horse is stolen by some person, the defendant is seen in the possession of the horse recently thereafter, and the State relies upon this possession alone for a conviction,— this will not suffice. But, suppose that defendant is found in the possession of the horse, and his possession is properly challenged, and he is by the circumstances directly called upon to account for his possession, but makes no effort or fails to give a reasonable explanation of his possession; this court has not held, nor is it probable that it will hold, that a conviction in such a case would not be supported by the evidence. For it is a well settled rule, not of law, but of fact, that possession of property recently stolen, by the defendant, *without explanation*, is *prima facie* evidence of his guilt, and not only *prima facie* but sufficient proof,— such proof as will not authorize this court to reverse upon the ground of insufficiency of evidence. The defendant, however, must have been offered an opportunity to explain his possession.

We will again illustrate. Suppose a horse is stolen, and recently thereafter the defendant is seen in possession of the horse; his possession, however, is not challenged—

he is not called upon directly or circumstantially to explain:— the fact of possession in this case is not sufficient to convict. But if his possession is challenged properly, and he stands mute, the possession, in connection with the further fact of failure to explain when called upon (this being all the evidence in the case), would, we think, support the verdict. We are not treating of the subject, or question, as to when the explanation should be made, whether while defendant was in possession, or whether he would be allowed to explain after he had parted with the possession of the property. This subject presents some very nice points indeed, but they will not be here discussed.

In regard to the sufficiency of recent possession to sustain a conviction, we would observe that it would be a remarkable case indeed, if there were no other facts, either criminative or exculpatory, in the case, besides the mere possession of the property, recently after the theft. The case before us contains other facts besides the possession. But if there was no other, the fact that defendant was found in possession of three of the stolen horses, recently after they were stolen, was arrested and placed in jail, he not making nor attempting to make any explanation, is ample proof of his guilt. There was no effort made on the part of the defendant to show on the trial that his possession of these horses was not felonious; indeed he adduced no evidence on this subject at all.

The defendant moved the court to grant him a new trial, upon the ground of the error in the charge above named. This motion was overruled by the court, and defendant urges these errors in this court for a reversal of the judgment. We are of the opinion that there was error in the charge of the court, as above suggested, and that the court should have granted the motion for new trial. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*