STATE OF MINNESOTA *vs.* EDWARD I. MILLER.

March 17, 1891.

Prosecution for Larceny — Possession of Goods as Evidence.—In a criminal prosecution for the larceny of goods discovered in the defendant's possession, the fact of such possession, though considerable time may have elapsed (in this case 11 months) between the date of the larceny and the discovery, may be considered, in connection with other facts and circumstances tending to criminate the accused. *Held, also,* upon the facts disclosed by the evidence in this case, and in view of the general charge, that the refusal of the court to charge the jury that the possession was not sufficiently recent to warrant a verdict of guilty was not error.

Same—Instruction as to Degrees of Larceny.—Where, upon the evidence, an offence may fall within the definition of either of two degrees of larceny, according as the jury may find the facts in the case, it is not improper for the court to give to the jury the statutory definition of each, and the penalty annexed.

Defendant was tried in the district court for Olmsted county, before *Start,* J., and a jury, on an indictment for grand larceny in the first degree, and was convicted of grand larceny in the second degree. He appeals from the judgment entered after the denial of his motion for a new trial.

*Geo. B. Edgerton* and *Burt W. Eaton,* for appellant.

*Moses E. Clapp,* Attorney General, and *W. Logan Breckenridge,* for the State.

VANDERBURGH, J. The defendant excepted to the refusal of the court to dismiss the action when the prosecution rested, and again to its refusal to direct a verdict for defendant when the evidence was all submitted; and also excepted "to that part of the charge in regard to recent possession, and the punishment for grand larceny in the first and second degrees." There was also an exception to the refusal of the court to give to the jury the sixth special request of the defendant, which will be referred to later in the opinion. Upon these exceptions the defendant's assignments of error chiefly rest.

1. We have no doubt that there was a case made for the jury,

both upon the whole evidence as presented, and also upon that of the prosecution. The question of the length of time which had elapsed between the larceny of the harness and the date of its discovery in the possession of the defendant, about 11 months, could not be eliminated from other material facts testified to, bearing upon the defendant's complicity with the offence charged, but must necessarily have been considered in connection therewith, and, so considered, it was a circumstance of great importance. There was evidence in the case tending to show that he had made, or caused to be made, changes in the property rendering its identification more difficult, and also that he made false and contradictory statements as to where, when, and how he obtained it. These things, together with other suspicious circumstances, clearly made the case one for the jury. Defendant's evidence on the trial simply raised an issue as to the truth or accuracy of the testimony on the part of the state, and the court could not assume to determine the weight or credibility of the evidence, or the reasonableness of defendant's statements in explanation or denial of the testimony of the witnesses for the prosecution.

2. The exceptions to the instructions given by the court, above referred to, were altogether too general to be available to the defendant on this appeal. The jury were instructed fully and at large in respect to the law relating to the possession of stolen goods by a defendant, in a prosecution for larceny, and the correctness of the greater part of this charge certainly would hardly be questioned. But the exception fails to point out the particular portion of the charge on this point deemed objectionable, but leaves the court to search for errors therein. It cannot be sustained. *Carroll* v. *Williston*, 44 Minn. 287, (46 N. W. Rep. 352.) And the exception to the remarks of the court as to the nature of the offence, which the court deemed proper to make in view of the state of the evidence, is subject to the same criticism. There was evidence that would sustain a finding that the harness was worth over $25, and some that it was worth less, and, as the question of value was material in determining the grade of the offence, it was proper for the court to state to the jury the statutory distinction between the two degrees of larceny, and it was not error for the court to repeat to the jury the statutory pro-

visions defining the grades of the offence, and the penalty attached thereto.

*Lastly.* The defendant excepted to the refusal of the court to charge his sixth special request, which is as follows: "From the evidence in this case, if the jury find that the harness found in the possession of the defendant, Edward I. Miller, is the same harness stolen from Charles Patton, the possession thereof by the defendant Edward I. Miller is not sufficiently recent of itself to warrant the jury in finding a verdict of guilty as to him." This request was clearly calculated to mislead the jury by making the question of defendant's conviction or acquittal depend upon this fact alone, isolated from other surrounding facts and circumstances in connection with which it became very material, even though by itself it may not have been sufficient to warrant a conviction. On the contrary, the case was to be considered in the light of all the evidence, as the court very properly told the jury.

Judgment affirmed.