A. L. McGowen v. The State.

No. 13255.   Delivered April 16, 1930.
Reported in 27 S. W. (2d) 165.

The opinion states the case.

*Hansbro, Pitts & Strode* and *Strode & Pitts,* all of Conroe, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, Judge.—Conviction is for cattle theft; punishment, two years in the penitentiary.

The bills of exception appear to have been filed too late for our consideration. The statement of facts was filed in time.

The possession of the cow in question in this case appears to be the sole reliance of the State as affording support to the claim that

the appellant was guilty of the theft of said animal. To warrant such inference, as has been held by this court from the beginning, the possession must be recent and unexplained, along with other indicia not here necessary to discuss. It is without dispute that a cow seven years old, at least, was taken from the appellant's premises in his absence in 1929 by Mr. Lee Love upon the hypothesis that she belonged to the estate of Jim McMurrey, deceased, who died in the fall of 1925. Mr. Love testified that some seven years before he got this cow from the appellant's premises, a yearling heifer had been pointed out to him in the woods by Mr. Shirley, as the property of Mr. McMurrey who was then living. Some two years later, when the cow was three years old, Mr. Love testified that he saw her again just outside of the appellant's cow pen, her calf being on the inside of the pen. He also said that Mr. Shirley, who knew and swore to the identity of the cow as being that of Mr. McMurrey, was with him at the time he saw the animal at the appellant's cow pen. Apparently no charge of theft was then thought of, and certainly none was made for approximately four years thereafter.

The appellant is a negro. He and various other witnesses testified directly and by circumstances that in September, 1925, he bought the cow taken from his place by Love in 1929, from some white persons going through the country in a wagon, who are referred to as "movers." That she was kept at his home after 1925 under a claim of ownership, openly and notoriously, for at least four years prior to the time she was removed by the witness Love is also without controversy. Such facts wholly fail to support the State's case against the appellant on the proposition that in order to raise the presumption of guilt the possession of the alleged stolen property must have been shown to be recent after the loss of the property. See Romero v. State, 24 Tex. Cr. App. 131 and cases cited by Mr. Branch in his Ann. Tex. P. C., Sec. 2463.

The evidence strongly suggests that at the time the appellant claims to have bought the cow in September, 1925, Jim McMurrey was living. The ownership of the animal, as alleged in the indictment, was laid in Marvin McMurrey, a son of Jim McMurrey. Marvin McMurrey lived in the town of Camilla, a good many miles from the range on which the alleged stolen animal ran, and one Butler was looking after the animals belonging to the McMurrey estate upon said range. Marvin McMurrey testified first upon the stand that he had never seen the animal in question in this case but after being permitted to remain in the court room over objection of

appellant while the witnesses were testifying, he took the stand in rebuttal and swore that he had seen her when she was about eight months old and that he was prepared to positively identify the animal taken out of the appellant's cow pen by Love in 1929 as the animal that he had seen seven or eight years before when she was a calf. The record leaves the question of ownership very much in doubt.

As stated above, we cannot consider the bills of exception but cannot forbear to call attention to the fact that in a criminal case the judge has no right to excuse from the rule the owner of alleged stolen property upon the theory that the State is entitled to have his presence and assistance during the progress of the trial. Freddy v. State, 229 S. W. 533; Clary v. State, 150 S. W. 919; Smith v. State, 105 S. W. 501. The evidence is insufficient.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*