## M. A. McHENRY v. STATE.

No. A-8032. Opinion Filed Aug. 21, 1931.
(2 Pac. [2d] 597.)

Rizley & Sweet, and Miles & Miles, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Beaver county of the crime of grand larceny, and his punishment fixed by the jury at imprisonment in the state reformatory at Granite, Okla., for a period of one year and six months.

The defendant was charged with having, on or about January 17, 1929, stolen from W. J. Leaming, one Peter Wright anvil, one Heavy Duty vice, one post drill, two pair tongs, one bolt clipper, and one Champion Lancaster No. 40, all of the value of $50.

The evidence of the state was that Leaming and the defendant were farmers living about a mile and a half apart and northwest of the town of Forgan, in Beaver county; that Leaming had a blacksmith shop on his premises and this property stolen from him was kept in this blacksmith shop; that in November, 1928, Leaming locked the property in his blacksmith shop and left the premises in charge of his brother who lived about one mile therefrom; that some time after Leaming left, the property was stolen and this fact reported by the brother to the sheriff; that about the 17th day of January, 1929, Leaming returned to his home and then discovered that his blacksmith shop had been broken into and the property taken; that on the 29th day of August, 1929, the sheriff and some of his deputies were searching the premises of the defendant for other stolen property, and in that search discovered this stolen property; that the officers called Leaming, who identified the property as that stolen from him during his absence; that the property was locked up in defendant's garage; that the only windows in the garage were so high that you could not see anything in the garage without climbing up to the windows; that some of the stolen property had certain identification marks placed on it by the owner, and that the other had marks on it placed there by the factory; that these identification marks had been tampered with and some of them obliterated; that other recently stolen property was found concealed in the garage at the time this property was found.

The defendant did not take the witness stand, and made no effort to explain his possession of this property.

It is contended first that the evidence is insufficient to sustain a conviction because the case rests entirely upon the possession of the alleged stolen property, and that said possession was not of recently stolen property.

The record discloses other circumstances than mere possession which tend to connect the defendant with the larceny of the property in question.

The property stolen consists largely of heavy metal tools that are not easily moved, that do not pass readily from hand to hand, and would not have any ready sale.

The general rule is that the possession of property recently stolen, unexplained, does not constitute a presumption of guilt, but creates an inference of guilt which may be sufficient with other incriminating circumstances to connect the prisoner with the larceny and warrant a conviction.

In the case at bar the possession is not disputed, but the contention is made that this possession was not so recent as to authorize a conviction.

In 36 Corpus Juris, 870, § 428, the rule is stated:

"Whether the interval of time between the larceny of the property and its possession by accused is sufficiently short or long to render the possession recent or remote depends upon the facts of the particular case, including the character of the property stolen, the test of recency being: Was the interval so short as to render it morally certain that there could have been no intermediate change of possession? The interval after the lapse of which possession will be considered remote is relatively short in the case of money, for the obvious reason that of all forms of property money is the easiest to dispose of; and as a gen-

eral rule lengthens in the case of other property inversely with its salability, the presumption being held to arise in the case of property which does not pass readily from hand to hand at a time more remote from the theft than in the case of property readily transferable. The other circumstances of the case must be taken into consideration, however, and may control." Citing numerous authorities in support of the rule.

In Wiley v. State, 92 Ark. 586, 124 S. W. 249, that court said:

"The question whether the possession of stolen property is recent does not depend wholly on the lapse of time, but the actions of accused and the nature of his claim to the property on his subsequently making a claim of title, and all the circumstances must be considered in determining whether the possession is recent or so remote that it may not be considered."

In State v. Foulk, 59 Kan. 775, 52 Pac. 864, 865, that court said:

"Possession of stolen property by the defendant may be shown, even though at a period so remote from the date of the theft that a number of transfers of possession might have been made, and the jury would be authorized to take this circumstance into consideration in determining the guilt or innocence of the defendant. * * * It is only where the conviction rests on the possession alone that the rule requiring the possession to be so recent that it is morally certain that no change of possession after the theft could have taken place applies."

The rule is that the presumption arising from the possession of stolen property which is not readily salable and does not pass readily from hand to hand prevails for a longer period of time than that of money. It has been held that possession after two, three, four and one-half, and eleven months is not too long, and that such posses-

24

sion is a circumstance tending to show guilt. Mondragon v. State, 33 Tex. 480; Wiley v. State, 92 Ark. 586, 124 S. W. 249; Boehm v. United States (C. C. A.) 271 F. 454; State v. Miller, 45 Minn. 521, 48 N. W. 401.

In State v. Miller, supra, that court said:

"In a criminal prosecution for the larceny of goods discovered in the defendant's possession, the fact of such possession, though considerable time may have elapsed (in this case 11 months) between the date of the larceny and the discovery, may be considered, in connection with other facts and circumstances tending to criminate the accused."

In the case at bar, the time elapsing between the larceny of the property and its discovery in the possession of defendant was about eight months. Considering the character of the property stolen and the facts and circumstances in the case, this possession was not too remote, and the evidence of this possession concurrently with other recently stolen property was properly admitted and is sufficient to support the verdict of the jury.

Defendant next contends that the court erred in giving instruction No. 4. This instruction must be considered with instructions No. 6 and No. 10, and when considered together they fairly state the law on the possession of recently stolen property. When considered altogether, the instructions state the law of the case and are as favorable to the defendant as the evidence warrants.

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.