(No. 32540.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CHARLES R. NIXON, Plaintiff in Error.

*Opinion filed January 22, 1953—Rehearing denied March 24, 1953.*

BESSE & BESSE, of Sterling, and RIORDAN, FLETCHER & NELSON, of Morrison, (ROBERT W. BESSE, and WILLARD NELSON, of counsel,) for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and LAWRENCE A. SMITH, State's Attorney, of Savanna, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

An indictment consisting of eleven counts was returned in the circuit court of Carroll County charging the defendant, Charles R. Nixon, with the burglary of a building of Sheldon L. and Walter Helle, doing business as Helle Lumber Company, in Savanna, and the larceny of four chain saws owned by them. Defendant pleaded not guilty. A jury found him guilty. Motions for a new trial and in arrest of judgment were overruled, and defendant was sentenced to a term of imprisonment of not less than three

nor more than six years on each count of the indictment, the sentences to run concurrently. Defendant prosecutes this writ of error.

Sheldon L. and Walter Helle, partners doing business as Helle Lumber Company, operated a lumber business in the city of Savanna. A part of their business consisted of selling at retail McCullough brand chain saws, for which they had an exclusive agency. On December 22, 1948, the company's storeroom was broken into and four new chain saws, each worth $400, were stolen. Of the four saws stolen, two had an identification mark "H" stamped underneath the motor to indicate the name "Helle." The stolen saws had serial numbers on metal plates screwed on to the top of the motors.

On March 28, 1949, defendant, whose usual occupation is lumbering, sold a chain saw, of the same type as the stolen saws, to Glenn Derr, a junk dealer and farmer, at Amboy, about seventy-five miles from the lumber company's premises in Savanna. Defendant had never purchased a saw from the lumber company. At the time of the transaction on March 28, 1949, defendant and Derr were strangers to each other and had never had any prior business dealings. The saw purchased by Derr from defendant did not have a serial number on it. Derr gave defendant his check for $325 in payment. The name "Chas. R. Nixon" appears on the back of the check as an indorsement. It is stipulated that the payee's name, "C. Nixon" and the indorsement "Chas. R. Nixon," are both in the handwriting of the defendant.

The component parts of a chain saw, a motor, blade, chain and outboard handle, were admitted in evidence as People's exhibits 1, 2, 3 and 4. Sheldon and Walter Helle were present when this chain saw was taken from Derr's premises on March 6, 1950, by a deputy sheriff, Harry H. Miller. Miller testified that the saw was kept in the sheriff's office at Mt. Carroll from March 6, 1950, to the date of

the trial. While at Derr's junk yard, Sheldon and Walter Helle identified this saw as one of the four stolen from them in December, 1948. Miller testified that the letter "H" was on the motor of the saw taken from Derr's junk yard on March 6, 1950, and that there was no serial number on it. The letter "H" is stamped on People's exhibit 1 of the motor unit of the chain saw and it has no serial number. Miller, Sheldon and Walter Helle each testified that People's exhibits 1, 2, 3 and 4 were the chain saw that they saw on Derr's premises on March 6, 1950, and of which Miller took possession, and that they were in substantially the same condition at the time of the trial.

Derr testified that the motor unit and the bar or blade were not the saw which he purchased from defendant on March 28, 1949; that the saw he purchased from defendant had a choke on it and that People's exhibit 1 did not have a choke and, further, that the handle bars were cut off the one he bought from defendant. He testified, however, that, in March, 1950, when the Helle brothers and Miller were at his junk yard he had but one chain saw on his premises and that was the saw he had purchased from defendant and turned over to Miller. Derr also testified that neither the saw he bought from defendant nor People's exhibit 1 had a serial number on them.

Miller also testified to a conversation with defendant at Fort Madison, Iowa, on March 8, 1950, with respect to the check which defendant received, in which defendant told of selling a saw to Derr, and to another conversation with defendant on January 11, 1952, in the jail at Clinton, Iowa, where Miller took him into custody, in which defendant said that he bought the saw from somebody, "he didn't say who or when he bought it."

It appears from Derr's testimony that, on March 12, 1952, twelve days before the trial commenced, he sought to recover from defendant, who was then in the county jail of Carroll County, the $325 which he paid for the

chain saw, and that defendant denied knowing Derr. Henry Truninger, a deputy sheriff, testified that, on the day last named, he overheard a conversation between Derr and defendant in which the latter said that he did not remember selling a saw to Derr and, further, that he did not know how he could pay him $325.

Relying principally on the conflict in the testimony as to whether the saw in evidence was the saw taken from Derr, defendant insists that the evidence is insufficient to sustain his conviction. By instruction No. 14, given at defendant's request, the jury was instructed that one of the material questions for its decision was whether the chain saw in evidence was the identical chain saw taken from the premises of the Helle Lumber Company and that the burden of proof was upon the prosecution to prove the identity beyond a reasonable doubt. By its verdict, the jury necessarily found that the chain saw, placed in evidence as People's exhibits 1, 2, 3 and 4, was one of the four stolen in December, 1948.

Evidence of recent, unexplained, exclusive possession by an accused of stolen property may, of itself, raise an inference of his guilt sufficient to warrant his conviction of burglary and larceny, in the absence of other facts and circumstances in evidence which leave in the mind of the jury a reasonable doubt as to guilt. (*People* v. *Malin*, 372 Ill. 422; *People* v. *Strutynski*, 367 Ill. 551; *People* v. *Norris*, 362 Ill. 492; *People* v. *Overbey*, 362 Ill. 488.) Whether defendant's possession of the chain saw on March 28, 1949, was too remote to permit the inference that he stole it from the Helle Lumber Company in late December, 1948, was a question of fact for the jury's determination. The sale was not in the usual course of business but to a junk dealer, who bought it from a total stranger, for less than its value, knowing that the serial number, a means of identification, was missing. The nature of the chain saw rendered its disposition difficult. It was bulky, not readily

portable, and was sold at a distance of seventy-five miles from Savanna. In *McHenry* v. *State*, 52 Okla. Crim. 20, 2 Pac. 2d 597, a stolen heavy-duty vice, a post drill, two pair of tongs, a bolt clipper and an anvil were found in defendant's possession seven months later. The court said, (p. 598) "The rule is that the presumption arising from the possession of stolen property which is not readily salable and which does not pass readily from hand to hand prevails for a longer period of time than that of money. It has been held that possession after two, three, four and one-half, and eleven months is not too long, and that such possession is a circumstance tending to show guilt." In *Wiley* v. *State*, 92 Ark. 586, 124 S.W. 249, clothing and merchandise stolen from a store were found in defendant's possession three months later. The stolen automobile tires involved in *Boehm* v. *United States*, 271 Fed. 454, were found in defendant's possession four months later. In *State* v. *Miller*, 45 Minn. 521, the stolen property was found in defendant's possession eleven months later. In each of these cases, the defendant's possession was held to be sufficiently recent to give rise to an inference of guilt.

The evidence shows that defendant had exclusive possession of the chain saw. Admittedly, he sold a chain saw to Derr on March 28, 1949. The "somebody," whom Derr testified accompanied defendant on that day, did not participate in the transaction. His presence did not alter the character of defendant's possession. *People* v. *Phelps*, 388 Ill. 618; *People* v. *Strutynski*, 367 Ill. 551.

But, defendant says, his conviction rests entirely upon circumstantial evidence. Such evidence is legal evidence, and where it is strong and convincing in character, as here, it may be sufficient to support a conviction. (*People* v. *Norris*, 362 Ill. 492; *People* v. *Graves*, 331 Ill. 268; *People* v. *Spencer*, 264 Ill. 124; *People* v. *Goodwin*, 263 Ill. 99.) In our opinion, the evidence does not fail to sustain the verdict.

Defendant argues that People's instructions Nos, 3, 8, 29 and 30 should not have been given. Instruction No. 3, is as follows: "The Court instructs the jury that you are to determine the recency of defendant's possession of the goods alleged to have been stolen, if you believe from the evidence, beyond a reasonable doubt that said goods were stolen and were found in defendant's possession, in applying or refusing to apply the presumption of guilt arising therefrom. In determining that question the element of time is important, but you may also consider the circumstances and character of the goods, their saleability, whether they are cumbersome or are easily portable, and all other facts and circumstances in evidence." Defendant contends that this instruction left the entire effect of the lapse of time to the determination of the jury, and placed the burden upon him to explain his possession of only one saw which, he insists, was not identified as one of the four stolen saws. This question of identity was dealt with specifically in instruction No. 14, previously discussed. Whether or not an accused's possession of stolen goods is sufficient to support an inference of guilt is ordinarily a question of fact. Precise time limits cannot be fixed as to when, as a matter of law, possession of stolen goods ceases to be recent. (*People* v. *Litberg,* 413 Ill. 132; *People* v. *Malin,* 372 Ill. 422.) Here, the question of the recency of defendant's possession of the stolen chain saw was left to the jury's decision as a question of fact. The instruction properly pointed out that time is but one element to consider, along with other circumstances.

Instruction No. 8 reads: "The Court instructs the jury that if you believe from the evidence beyond a reasonable doubt that the property described in the Indictment was stolen and shortly thereafter was in the exclusive possession of the defendant, Charles R. Nixon, such exclusive possession if unexplained, is sufficient evidence to warrant a conviction." Defendant complains that this instruction as-

sumes that there was evidence indicating that he had exclusive possession of one of the chain saws. The contention is based on the testimony of Derr, the proprietor of the junk yard, who, in response to a question of the People as to whether defendant was alone at the time of the sale of the chain saw answered, "I don't know, he came with somebody." The fact that someone was with defendant when he sold the saw does not affect the quality of defendant's possession, which may be joint, yet still "exclusive" in the sense which gives rise to the inference of guilt. (*People* v. *Phelps,* 388 Ill. 618; *People* v. *Strutynski,* 367 Ill. 551; *People* v. *Sturdyvin,* 306 Ill. 138.) The instruction does not assume that there was evidence indicating defendant had exclusive possession of one of the chain saws.

Instruction No. 29 reads: "The Court instructs the jury that the exclusive possession, shortly after the commission of a larceny or burglary, of stolen property, the proceeds of the crime, if unexplained, may of itself, raise an inference of guilt of the person having such possession, sufficient to authorize a conviction in the absence of any other facts or circumstances in evidence which leave in the mind of the jury a reasonable doubt as to the guilt of such person."

Instruction No. 30 reads: "The Court instructs the jury that the recent and unexplained possession of stolen property by the defendant, if the evidence so shows beyond a reasonable doubt, tends to establish his guilt, and is sufficient of itself, to authorize a conviction unless the inference of guilt thereby raised is overcome by other facts and circumstances in evidence, so as to raise in the minds of the jury a reasonable doubt of his guilt."

Defendant's complaint with respect to instructions Nos. 29 and 30 is directed at the statements that "exclusive possession" and "recent and unexplained possession" of stolen property may, without more, "raise an inference of guilt of the person having such possession" or "tends to establish

his guilt." An instruction identical to instruction No. 29 has been approved. (*People* v. *Leving*, 371 Ill. 448.) A similar instruction has also been approved. (*People* v. *Lehner*, 335 Ill. 424.) Instruction No. 30 was approved in *People* v. *Sturdyvin*, 306 Ill. 138. The challenged instructions do not merely state that the presumption or inference of guilt is sufficient to authorize conviction. Instruction No. 29 qualifies the statement by declaring that an inference of guilt is sufficient to sustain a conviction "in the absence of any other facts or circumstances in evidence which leave in the mind of the jury a reasonable doubt as to the guilt of such person." Instruction No. 30 concludes with the qualification "unless the inference of guilt thereby raised is overcome by other facts and circumstances in evidence, so as to raise in the minds of the jury a reasonable doubt of his guilt."

We find no error in the giving of instructions 3, 8, 29 and 30.

Relying upon *People* v. *Trobiani*, 412 Ill. 235, defendant contends that the trial judge erred in admitting evidence in aggravation over his objection. The contention is not sound. The *Trobiani case* involved an offense punishable by imprisonment for a fixed term. The imposition of sentence for such offenses is governed by section 1 of the Sentence and Parole Act (Ill. Rev. Stat. 1951, chap. 38, par. 801,) which contains no provision for any hearing in mitigation or aggravation. Since section 1 of the Sentence and Parole Act contained no authorization for such a hearing, we examined section 4 of division XIII of the Criminal Code, (Ill. Rev. Stat. 1951, chap. 38, par. 732,) to see whether or not the omission was supplied by that section. Because of the language of that section, its background and its previous construction, we concluded that it could properly be construed to apply only to cases involving pleas of guilty. The narrow holding in the *Trobiani case* thus concerned only a case in which there had been a plea

of not guilty to an offense punishable by a fixed term of imprisonment. The offense here involved is punishable by an indeterminate sentence. It is governed by section 2 of the Sentence and Parole Act which explicitly authorizes a hearing in mitigation or aggravation whether the plea is guilty or not guilty. (Ill. Rev. Stat. 1951, chap. 38, par. 802.) Defendant's contention cannot be sustained.

The judgment of the circuit court of Carroll County is affirmed.

*Judgment affirmed.*