67 So.2d 233 (1953)
KNEALE
v.
KNEALE.
Supreme Court of Florida, Division A.
September 15, 1953.
Rehearing Denied October 2, 1953.
Malcolm Lewis Kneale, Miami, for appellant.
S. Grover Morrow, Miami, for appellee.
TERRELL, Justice.
Following a rash of procedural sparring not necessary to detail, appellee secured a divorce from appellant for extreme cruelty. The defendant has appealed from the final decree. In a case like this, unless we are convinced that an opinion will add to the law of the subject or will otherwise serve some useful purpose, we are prone to affirm by per curiam order. This opinion is proffered in the hope that it will correct a too frequent violation of Supreme Court Rule 20, 30 F.S.A., regulating the statement of questions, and Rule 11(2) regulating the preparation and abbreviation of records.
The divorce was granted for extreme cruelty on the part of defendant to complainant, yet we are confronted with a record of 300 pages and a brief of 56 pages, in which ten questions are exhibited. It would be unheard of for a chancellor to make ten harmful errors in a run-of-the-mill divorce case. In fact, in most litigated causes there are usually not exceeding one or two leading questions and not many more secondary ones, that are inherent in the case.
The nonobservance of Rule 20 and Rule 11(2) is no worse in this case than it is in many others. Any ambiguous or alternative statement of a question or overloading of a record is contrary to the rules. A 56 page brief in an appeal like this is inexcusable. To bring page after page of exhibits and record that is unabbreviated and much of which is impertinent to the questions raised is likewise inexcusable and violative of the rule.
At least eight or nine of the questions presented have to do with matters in the sound discretion of the chancellor. Typical is question four as follows:
"Where complainant's witnesses were within the jurisdiction of the lower court; and where the lower court permitted complainant to take said witnesses' testimony, de benne esse, over timely objection of defendant, on the alleged ground that said witnesses were temporarily leaving the jurisdiction of the lower court; and where said witnesses had returned to the situs of the *234 trial during the actual trial; and where said witnesses were within the jurisdiction of the lower court long before the conclusion of taking of testimony; did the master err in admitting into evidence, over timely objection of defendant, depositions de benne esse, of said witnesses?"
The primary trouble with this question is lack of skill, sequence or logic in statement. Moreover, it is laden with evidentiary substance or matters of inducement. It involves matters that were entirely in the discretion of the chancellor and harmful error is not shown. Every question should be cast in concise, direct language without duplication, it should embody nothing but the point of law or fact that is brought to the attention of, and to be adjudicated by, the Court, and should not be stated in the alternative. In compliance with Rule 20, I suggest the following as an appropriate statement of the question:
Should de bene esse testimony, so taken because the witnesses were leaving the jurisdiction of the Court, be admitted in evidence when it is shown that said witnesses returned to the jurisdiction before the taking of testimony was concluded?
If the question had been a proper one to raise, the latter statement points the question of law involved in direct and positive terms as contemplated by Rule 20, while the question as copied from the brief is a potpourri of inducement, bald assertions of factual proposals that add up to an ambiguous question. It is not in compliance with the rule and it cannot be answered any better than it is stated.
It is not uncommon for a brief to come here with similar questions that require as much as a half page and sometimes a page of capital letters to state them. Instead of illuminating the issue they confuse it. They are just a little more like Tennyson's Brook, in evidentiary assertions they pile Ossa on Pelion and tend to run on forever. Stating the questions concisely is a very important part of the brief and merits the briefer's most careful consideration.
Preparation of the record is likewise a most important part of the appeal. To an overburdened court like this one, the preparation of the record and the brief are all the more important. Paragraph (2), Rule 11, Supreme Court Rules is specific as to method of abbreviating the record. Somewhere in the Merchant of Venice, one of Shakespeare's characters is made to say: "his reasons are as two grains of wheat hid in two bushels of chaff, you may seek all day ere you find them and when you have them they are not worth the search". With the caseload we carry, and for other reasons more important to the litigant, we need nothing in the record or the briefs but the wheat, the chaff should be let go. The overburden imposed by excesses in either is not the worst vice. The litigant's right may be so embedded or hidden in the chaff that no amount of argument or reading may reveal it to the Court. When that is the case, the litigant is disappointed and very justly loses confidence in our system of administering justice. It becomes rather a system for handing out injustice, not because of any fault in the system, but on account of lack of skill and industry on the part of those who administer it. Less chaff in the wheat will be a great boon to litigants.
The concluding question in the case has to do with the sufficiency of the evidence to support the decree of divorce including that part taxing one-half the costs to defendant.
As to the evidence supporting the decree for divorce, it is true that there were conflicts, but there is ample support for the chancellor's decree. In fact, if what the parties say about each other is true, it is rather strange that either would resist a divorce. The decree as to that part granting the divorce is affirmed. As to costs we think this should have been imposed on defendant, so that part of the decree imposing one-half the costs on plaintiff is reversed. It follows that the decree is reversed in part and affirmed in part.
ROBERTS, C.J., and SEBRING and MATHEWS, JJ., concur.