69 So.2d 175 (1953)
CONE
v.
STATE.
Supreme Court of Florida. Special Division B.
December 8, 1953.
Rehearing Denied January 20, 1954.
J.C. Adkins, J.C. Adkins, Jr., and Phillip Barton, Gainesville, for appellant.
Richard W. Ervin, Atty. Gen., and Bart L. Cohen, Asst. Atty. Gen., for appellee.
TERRELL, Justice.
Appellant was tried and convicted of larceny of an automobile. He was sentenced to serve five years in the state penitentiary and prosecuted this appeal from that judgment.
The material question urged for our consideration challenges the following instruction to the jury:
"Now with reference to the possession of recently stolen property, the unexplained possession of recently stolen goods is sufficient basis for a verdict of guilty upon a charge of larceny of such goods. So it is the law that where a party is found in possession of property recently stolen and directly offers a reasonable and credible account of *176 how he came into such possession or such an account as will raise a reasonable doubt in the minds of the jury, who are the sole judges of its reasonableness, probability, and credibility, then it becomes the duty of the state to prove that such account is false; otherwise, there should be an acquittal. If an explanation be offered on the part of the defendant, then the question of whether the explanation is reasonable and credible is one of fact to be considered by the jury in connection with all the other facts and circumstances submitted to you in the trial of this case. The court charges you further that the account or explanation offered on behalf of a defendant who is alleged to have been found in possession of recently stolen property may be reasonable and highly plausible and yet if the jury do not believe it, they have the right to convict upon the evidence furnished by the possession of the stolen goods alone."
Appellant contends that this instruction is not applicable to the case at bar because the record shows that it was approximately nine months from the date the automobile disappeared from the home of the owner to the date it was found at the home of defendant, and being so, the presumption that larceny or possession after the larceny was "recent" is not applicable. Williams v. State, 40 Fla. 480, 25 So. 143, is relied on to support this contention.
It is a fact that many courts hold that possession after larceny must be "recent" to impute guilt but what constitutes "recent" is by no means fixed time. As in many other instances it is determined by the facts of the particular case. An examination of cases in other jurisdictions supports this premise. In Van Gorder v. United States, 8 Cir., 21 F.2d 939, the Court held that possession 87 days after theft was insufficient to raise the presumption of guilt. In State v. Miller, 45 Minn. 521, 48 N.W. 401, the Court upheld refusal of the lower court to charge the jury that possession eleven months after theft would support an inference of guilt. In State v. Bartholomew, 116 Kan. 590, 227 P. 366, the Court held that possession of an automobile two weeks after it was stolen gave rise to an inference of guilt. In McHenry v. State, 52 Okla. Cr. 20, 2 P.2d 597, the Court held that possession eight months after theft, defendant being in possession of the goods, was not too remote to presume guilt. In State v. McRae, 120 N.C. 608, 27 S.E. 78, the unexplained possession of a 20 dollar gold piece, two days after theft, was not sufficient to justify a legal presumption of guilt. In State v. Jones, 227 N.C. 47, 40 S.E.2d 458, possession 20 days after theft would not support a presumption of guilt. In State v. Cameron, 223 N.C. 449, 27 S.E.2d 81, it was held that possession 8 months after theft did not give rise to a presumption of guilt. In Preston v. State, 147 Tex.Cr.R. 79, 178 S.W.2d 522, it was held that possession 15 months after theft would not support a presumption of guilt. In McGowen v. State, 115 Tex.Cr.R. 568, 27 S.W.2d 165, the Court held that open and notorious possession of a cow for 4 years after theft would not raise presumption of guilt. In State v. Denison, 352 Mo. 572, 178 S.W.2d 449, the Court held that possession two months after theft was not too remote to raise presumption of guilt.
The Georgia case of Wakefield v. State, 76 Ga. App. 271, 45 S.E.2d 675, 677, is more analogous to the case at bar than any we have found and in the consideration of the identical question we have in this case the court reasoned as follows:
"* * * However, the reason for the element of recent possession in the rule of evidence on the trial of persons charged with the offense of larceny and kindred offenses to the effect that where stolen goods are found in the possession of a defendant charged with larceny or kindred offenses recently after the commission of the offense, such fact authorizes the jury to infer that the accused is guilty unless such possession be explained to its satisfaction, is that if the possession be not recent, the mere elapse of time affords continuing opportunity for the stolen goods to pass through other hands, thus *177 decreasing as the period of time grows, the presumption of unlawful possession and increasing, accordingly, the presumption of bona fide possession. Where, however, the defendant's explanation of possession of the stolen property is that it was lawfully procured from the owner, the reason for the recent element of the rule ceases to exist, and in such case the inference of guilt may be inferred without the element of recency."
In the last-cited case the property had been stolen for more than 9 months, it was still in possession of defendant and the court upheld the presumption of guilt. A study of the cited cases and others of like import shows that the question has been a very troublesome one depending on the circumstances of the case, but it may be said with reason that when the possession is fairly recent, exclusive and unexplained or unsatisfactorily explained, such circumstances raise the presumption that the one charged was the thief.
Appellant's wife testified that he purchased the car from Williams in December, 1950, but Williams flatly denied this, as did Williams' wife. The state showed that appellant had been in possession of the property continuously from the date it had disappeared from the possession of the owner. The state also showed that the license plates on the automobile were mysteriously changed after they disappeared from the possession of the owner, and no explanation has ever been given why the license plates were changed. There was also evidence which contradicted the account of appellant as to how he came into possession of the automobile. In this state of the evidence we find no objection to the charge complained of. There was enough evidence in the record to support the finding of guilt, and under these circumstances we do not think that the giving of the challenged charge constituted reversible error.
Other questions raised have been examined, and while we do not approve the conduct of the state attorney or the remarks as to credibility of Mrs. Cone's testimony, we are not convinced that harmful error was committed. We cannot refrain from calling attention to the fact that the manner in which these questions were cast, was condemned in Kneale v. Kneale, Fla., 67 So.2d 233.
The judgment appealed from is accordingly affirmed.
Affirmed.
ROBERTS, C.J., and THOMAS, SEBRING, HOBSON and MATHEWS, JJ., concur.
DREW, J., dissents.