TERRELL, Justice.
Appellant was informed against, tried and convicted for stealing 12 hogs in Jackson County, Florida. He was sentenced to serve two years in the State penitentiary, is unhappy about his plight and importunes this Court to reverse the judgment imposed on him. His confederate, Fred Raybon, *494 was convicted and sentenced at the same time but his conviction was reversed because of unsatisfactory proof as to identity. Raybon v. State, Fla., 75 So.2d 7.
The only point for determination is whether or not the evidence was sufficient to sustain the conviction.
The evidence was circumstantial but it may be said to have been more conclusive as to appellant than it was as to Raybon. The witnesses Joiner and Oliver both positively identified appellant at the pen where the hogs were stolen on Sunday shortly before the stealing. The witness Kinard testified to seeing appellant at the pen the night the hogs were stolen. The Sheriff made plaster casts of the truck tracks made at the scene of the crime and identified the tires of appellants by comparison with them. The plaster casts and the tires of the truck were placed in evidence. The ground around the pen where the hogs were stolen had been recently ploughed, making the truck tracks very plain. The plaster casts of truck tires matched those of appellant perfectly.
Ernest Kinard, a filling station operator, testified that he sold Smith and Raybon gas after midnight the night the hogs were stolen and within three miles of where the stealing took place. The witness Bob Donalson testified that he purchased 13 hogs weighing about 200 pounds average from appellant and Raybon early in the morning of September 30. These hogs corresponded to those that were stolen the night before. It would seem that these facts were sufficient to warrant the jury in fastening the crime on appellant since he did not go on the stand and attempt to explain his possession of the hogs. Cone v. State, Fla., 69 So.2d 175, and cases cited.
The judgment appealed from is therefore affirmed.
Affirmed.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.