WILLIAM FERGERSON, Plaintiff in Error, *v.* MOSES M. RAWLINGS, Defendant in Error.

ERROR TO PULASKI.

A motion to dismiss a suit cannot be entertained while a regular default exists.
A general demurrer is a waiver of a plea in abatement.

THE facts of this case will be found in the opinion.

WILLIAM HUNTER, for Plaintiff in Error.

A. T. GREEN, and TANNER & CASEY, for Defendant in Error.

BREESE, J. This suit was commenced by attachment regularly issued and levied on a lot in Mound City.

On the return of the writ, and after filing the declaration, the default of the defendant was entered, and a writ of inquiry awarded to assess the damages, in vacation. At the next term the jury having assessed the damages and returned the verdict into court, the defendant entered his motion to dismiss the suit, which was denied. He then entered his motion to set aside the default, which was allowed, and he then filed a plea in abatement of the affidavit, and also a general demurrer to the declaration. On a subsequent day of the term, the court, on motion of the plaintiff, caused the plea in abatement to be stricken from the file, whereupon the defendant withdrew his demurrer, and saying nothing further, a judgment by *nil dicit* passed, and a jury called to assess the damages, on which, as found, a judgment was entered.

---

The defendant now here, questions the regularity and propriety of these proceedings. We can see no error in them. A motion to dismiss could not be entertained whilst a regular default existed. It was necessary to get rid of that, before the motion to dismiss could prevail, but when the default was set aside, the defendant did not renew his motion to dismiss, but filed his plea in abatement to the writ and a general demurrer to the declaration. By the rules of pleading, the demurrer was a waiver of the plea in abatement, ( *Cobb* v. *Ingalls*, Breese, 180,) and the court did right in striking it from the files; whereupon the defendant, of his own motion, withdrew the demurrer.

The judgment being in all respects regular, must be affirmed.

*Judgment affirmed.*