# WILLIAM G. CONKWRIGHT

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. CRIMINAL EVIDENCE—*possession of stolen property.* The possession of property soon after it was stolen, is not, of itself, *prima facie* evidence that it was stolen by the party in whose possession it was found.

2. Possession of stolen property by a person soon after the theft, may be the strongest character of evidence of his guilt, when considered in the light of surrounding circumstances, while under different circumstances, it might be slight, if even any, evidence of guilt. In such a case, everything connected with the possession must be considered, such as its proximity to the larceny; whether the property was concealed; whether the party admitted or denied the possession; whether other persons had access to the place where it was found; the demeanor of the accused, and his good character. These circumstances, when in evidence before the jury, are proper to be considered by them.

3. SAME—*proof of previous good character.* The previous character of the accused may, in such a case, if shown to be good, repel all presumption of guilt.

4. INSTRUCTIONS—*facts should not be assumed.* An instruction which assumes that to be a fact which is for the jury to determine, is erroneous.

5. BURDEN OF PROOF, *in criminal trials.* It is error to instruct a jury on the trial of a party upon the charge of larceny, that if the stolen property was found in his possession, the burden of proving the possession to have been honest is thrown upon the accused. It makes no difference by whom the proof is made, or how it shall appear, so his possession is shown to be honest. Such an instruction might mislead the jury to believe that the innocence of the accused must be established by his own witnesses, and that a reasonable doubt would not be sufficient to acquit.

WRIT OF ERROR to the Recorder's Court of the city of Chicago: the Hon EVERT VAN BUREN, Judge, presiding.

At the December Term, 1863, William G. Conkwright was indicted in the court below for the crime of larceny. Upon the trial it was proven on the part of the prosecution, that the stolen property was found in the store of the defendant, and the circumstances connected with the finding. The defendant introduced proof of previous good character. The trial resulted in his conviction. A motion for a new trial was overruled, and the defendant was sentenced to confinement in the penitentiary for the term of one year. Thereupon, he sued out this writ of error. The assignment of errors questions the correctness of the first and second instructions given by the court below to the jury on behalf of the prosecution. Those instructions were as follows:

1st. The court instructs the jury that possession of stolen property soon after it was stolen, is of itself *prima facie* evidence that it was stolen by the defendant.

2d. The burden of proving the possession to have been honest is then thrown on the defendant, and it is for him to prove that he came honestly by it.

Messrs. E. G. ASAY, R. S. WILSON and A. VAN BUREN, for the plaintiff in error, insist those instructions are bad in law, and cite *State* v. *Merrick*, 1 Appleton (Me.) 398; *State* v. *Bennett*, 3 Brev. 513; 2 Iredell, 402; 1 Greene (Iowa), 106; Id. 348, 349.

Mr. D. P. JONES, State's attorney, for the People.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The assignment of errors on this record questions the correctness of the instructions given for the People. That the first instruction as given was wrong, and it is insisted should have been modified. It is this: "The court instructs the jury that possession of property soon after it was stolen, is of itself *prima facie* evidence that it was stolen by the defendant." It is said in

Wharton's Criminal Law, 278, that the presumption of guilt from possession, standing by itself, except in case of receiving stolen goods, is too slender to support a conviction. Again, at page 333, the same author says: " Where property has been taken *lucri causa*, it is of course of primary importance to ascertain whether there are any circumstances tending to fasten guilty agency on the party with whom they are found. The possession of the stolen property, as has already been seen, is in itself a strong presumption of guilt, though it applies only when the possession is of that kind which manifests that the stolen goods have come to the possession by his own act, or at all events, with his undoubted concurrence. Where, however, property is stolen, and the person accused of the offense shortly after its commission points out the place where it is concealed, he must be considered the thief unless he can reconcile his knowledge with his innocence."

It is said in Roscoe's Crim. Ev. 16, that " cases frequently arise of the discovery of property recently after its being stolen, in the house of a particular person, but the weight of this evidence depends upon the accompanying circumstances of the case. It is carefully to be observed, says Mr. Starkie, that the mere finding of stolen goods in the house of the prisoner, when there are other inmates capable of stealing the property, is insufficient evidence to prove a *possession* by the prisoner." 2 Stark. Ev. 450. This seems to be the recognized rule of the courts, in reference to this character of testimony. And it is based upon reasons obvious to every one. Possession of stolen property, by a person soon after the theft, may be the strongest character of evidence of his guilt, when considered in the light of surrounding circumstances, whilst under different circumstances it might be slight, if even any, evidence of guilt. The previous character of the accused may, in such a case, if shown to be good, repel all presumption of guilt.

In such a case, everything connected with the possession must be considered, such as its proximity to the larceny, whether it was concealed, whether the party admitted or denied

the possession, whether other persons had access to the place where it was found, and the demeanor of the accused and his good character. These circumstances, when in evidence before the jury, are proper to be considered by them. This instruction says to the jury, that the possession, of itself, is *prima facie* evidence of guilt. The jury in all probability understood that it excluded the consideration of the surrounding circumstances of the possession, as well as the evidence of his previous good character. The instruction should have been so modified as to have left it to them to say whether the circumstances that others had access to the place where the property was found, together with other circumstances, did not repel the presumption of guilt. If the first instruction was not calculated to exclude the consideration of these circumstances, the second, we think, was well calculated to have that effect.

It asserts that the possession being proved, the burden of proving it to have been honest is thrown upon the accused, and it is for him to prove that he acquired it honestly. By this instruction it will be seen that the court assumes that defendant had possession of the property, whilst that was a question for the jury. It was not contested that the property was found in his store, but it was a question for the determination of the jury, whether other persons having access to the house were capable of stealing the property, and if so, whether it was their possession or the possession of the accused. If stolen and placed there by another person without the knowledge of the prisoner, it would not be his possession, and we have seen that the authorities say these circumstances must be well considered to determine if it is his possession. And the language of this instruction, in another respect, is too broad, in saying that it is for the defendant to prove that he came honestly by the property. It can make no difference who makes the proof, or how it shall appear, so his possession is shown to be honest, and the instruction excludes the effect of evidence of good character, which might raise a reasonable doubt of the prisoner's guilt, which entitles him to an acquittal. This may have misled the jury to believe that his witnesses must establish his innocence,

and that a reasonable doubt would not be sufficient, whilst we have seen that if there is a reasonable doubt, that is sufficient. These instructions should have been so modified as to leave it to the jury to say whether upon all of the evidence before them there was a reasonable doubt of the guilt of accused. The judgment of the court below is therefore reversed and the cause remanded.

*Judgment reversed.*