## JOSHUA COLLINS *et al.*

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

48  145
144  173
144  196

1. JURORS—*grounds of challenge.* When a juror states that he has a fixed opinion in the case, based upon representations of others, but that it could be removed by evidence, he is not a competent juror, if challenged. A prisoner has the right to be tried by fair, impartial and unprejudiced jurors, and it is error for the court to refuse a challenge when the juror has a fixed opinion of the merits of the case.

2. INSTRUCTION—*erroneous.* It is erroneous for the court to assume facts to be true which are being tried by the jury. It is their province, and not that of the court, to try facts.

WRIT OF ERROR to the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was an indictment for an assault and battery. Three of the jurors sitting upon the trial, stated that they had been informed of the circumstances in the case, and from these statements had become prejudiced against the prisoners, and had formed an opinion on the merits—such an opinion as would require evidence to remove, yet believed they could decide the case upon the evidence without prejudice, fairly and impartially, and that what they had heard would not control or influence their verdict.

These jurors were challenged for cause, which challenge was disallowed by the Court. This is the principal ground of error, for which this Court is asked to reverse the judgment. The further facts appear in the opinion.

Messrs. COOK & CAMPBELL, for the plaintiffs in error:

1st. Three of the jurors had formed a fixed opinion, which it would require evidence to remove. This rendered them

19—48TH ILL.

incompetent.   *Neeley* v. *ThePeople*, 13 Ill. 686 ; *People* v. *Gehr*, 8 Cal. 359 ; *Smith* v. *Eames*, 3 Scam. 76 ; *Cancemi* v. *The People*, 16 N. Y. 501 ; *Gay* v. *The People*, 26 Ill. 346.

2d.  An instruction which assumes that one of the defendants was assaulting the complaining witness, was erroneous—the fact should have been left to the jury.  *Hopkinson* v. *The People*, 18 Ill. 264.

Mr. S. W. MUNN, States Attorney, for the people.

Mr. JUSTICE WALKER delivered the opinion of the Court :

It appears from the record that plaintiffs in error were indicted for an assault and battery.  It is not described as an aggravated assault, declared to be a misdemeanor in the fifty-second section of the criminal code.  Nor does it describe a riot, as defined in the one hundred and fourteenth section of the same code.  The usual language employed to describe either of these offences is not used in this indictment.

It is insisted that the court below erred in refusing to allow the challenges of plaintiffs in error, to a number of jurors, comprising a part of the panel that tried them.  These jurors stated, that they had heard of the circumstances of the difficulty ; that they believed the statements, and upon these statements had fixed opinions as to the merits of the case, such as would require evidence to remove or change, but that the opinion could be changed by sufficient evidence ; but that they had no prejudice against the accused, and they believed they could render a fair and impartial verdict, according to the evidence.  These are substantially the statements of some five of the jurors who tried the case, and were the ground of challenge by plaintiffs in error, but which was disallowed by the judge trying the cause in the court below, and that ruling is assigned as one of the errors in the record brought to this court.

It has been repeatedly held by this court, that if a juror has a decided opinion respecting the merits of the controversy, either from a personal knowledge of the facts, from the statements of witnesses, from the relation of the parties, or from rumor, he is disqualified from trying the case, if challenged for cause. *Gardner* v. *The People*, 3 Scam. 83; *Smith* v. *Eames*, ib. 76; *Vennum* v. *Harwood*, 1 Gilm. 659; *Baxter* v. *The People*, 3 Gilm. 368, *Neeley* v. *The People*, 13 Ill. 685; *Gray* v. *The People*, 26 Ill. 344. These cases must govern this case. A prisoner should never be required to encounter a pre-existing opinion deliberately formed, which the juror believes is true, and which the prisoner would be obliged to overcome. When tried by such jurors, he cannot be said to have had a fair trial, unless he choose to permit them to act in his case. He has a right to be tried by men who are wholly impartial, without prepossessions or prejudice against him or his case. Tested by these rules, these jurors were incompetent when objected to by the accused, and the court below erred in not allowing the challenges to these jurors.

The second and fourth instructions given for the people are erroneous, in so far as they assume that Jeremiah Collins was beating the prosecuting witness. It is the province of the jury to find facts, and not the court. That was the question which was being tried by the jury, and the instructions should have left it to them to determine upon the evidence before them.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*