## ALEXIS BARRELETT

### *v.*

## MAXIME BELLGARD.

1. PLEADING—*such objections to a declaration as can be cured by a verdict are waived by a plea of general issue.* Where a special demurrer to a declaration was sustained for objections purely technical, and such as could be cured by verdict, and the defendant, without any amendment having been made, subsequently pleaded the general issue, and went to trial, he thereby waived the objections to the declaration.

2. INSTRUCTIONS—*should not assume anything as a fact which it is the province of the jury to determine.* It is error for the court, in an action of trover, to instruct the jury that the plaintiff is entitled to recover the difference between the value of goods when converted and their value when returned, as this is assuming that there was a difference, instead of leaving it to the jury to find whether there was any difference or not.

3. MEASURE OF DAMAGES—*in trover, where property is restored before suit.* Although trover lies for the conversion of property, notwithstanding it is restored before suit is brought, yet the plaintiff can, in such case, recover only nominal damages, unless, intermediate the conversion and the return of the property, special damage has been sustained, which must be distinctly alleged in the declaration and proved.

4. SPECIAL DAMAGES—*to be recovered must be alleged.* The plaintiff in an action of trover for the conversion of property, brought after the property has been restored, can not recover for the value of any of the property restored, unless he alleges, in his declaration, distinctly, and proves special damages in respect thereto, between the time of the conversion and the return of the property.

APPEAL from the Circuit Court of Ford county; the Hon.
A. J. GALLAGHER, Judge, presiding.

Mr. MILTON H. CLOUD, and Mr. L. B. FARRAR, for the
appellant.

Mr. A. McELROY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the
Court:

This was an action of trover, for certain wearing apparel
and jewelry alleged to have belonged to the plaintiff's intes-
tate, in his lifetime, and to have been converted by the de-
fendant since his death. Judgment was given for plaintiff
for $70.75, and to reverse that judgment this appeal is prose-
cuted by the defendant.

The first objection urged is, that there was no declaration.
A declaration was filed, to which a special demurrer was sus-
tained. No amendment seems to have been made to the
declaration, but the record shows that the defendant, subse-
quently, pleaded the general issue, and went to trial without
further objection. The objections to the declaration were
purely technical, and such as are cured by verdict. We
are, therefore, inclined to hold, that the defendant waived the
objections adjudged to exist in the declaration, by pleading
and going to trial. This would seem to be settled by analogy
in *Ross* v. *Reddick*, 1 Scam. 73, *Armstrong* v. *Mock*, 17 Ill.
166, *Selby* v. *Hutchinson, Admr.* 4 Gilm. 319, *Fergerson* v.
*Rawlings*, 23 Ill. 69, *Mason* v. *Tiffany*, 45 Ill. 392, *Nye* v.
*Wright*, 2 Scam. 222.

Evidence was given on behalf of the plaintiff, showing the
ownership of the property and conversion by the defendant,
as alleged in the declaration.

The defendant introduced evidence, showing that the prop-
erty was restored to the plaintiff, after demand, and before
the commencement of the suit.

The only evidence in the bill of exceptions, on behalf of the plaintiff. on this point is, that the defendant did not deliver the goods when demand was made.

The court, at the instance of the plaintiff, instructed the jury, among other things, as follows :

"The jury are instructed, that even if they find, from the evidence, that the goods, or any of them, were returned to the plaintiff before the commencement of this suit, the plaintiff is entitled to recover the difference of the value of the goods when converted by the defendant, and their value at the time they were returned, if they were returned."

This instruction is liable to several serious objections, and it was error to give it.

In the first place, it assumes that there was a difference between the value of the goods at the time they were converted and the time they were returned. Whether there was such a difference, was a question of fact to be determined by the jury from the evidence, and the court was not authorized to presume its existence. *Collins et al.* v. *The People,* 48 Ill. 145 ; *Yundt* v. *Hartrunft,* 41 id. 9 ; *Small* v. *Brainard,* 44 id. 355.

In the second place, while trover dies for damages for the conversion of property, notwithstanding it is restored before suit is brought, (*Murray* v. *Ogden,* 10 Johnson, 176 ; *Reynolds* v. *Shuler,* 5 Cowen, 326 ; 6 Bacon's Abridgement, 678, 80,) and the restoration of the property goes only in mitigation of damages, yet the plaintiff can. in such case, recover only nominal damages, unless, intermediate the conversion and the return of the property, special damage has been sustained, which must be distinctly alleged in the declaration, and proved on the trial. Sedgwick on the Measure of Damages, (5th Ed.) 568–9 ; *Moore* v. *Raphael,* 2 Bing. N. C. 310.

There is no averment here of any special damage, nor was there any distinct proof of any deterioration in the value of the property, intermediate its conversion and return.

Upon like principle, the court erred in modifying the second instruction asked by the defendant. That instruction, as asked, was this :

"The court instructs the jury, for the defendant, that the plaintiff can not recover in this action for the value of any of the property mentioned in the declaration, which was returned to the plaintiff by defendant before this suit was commenced."

The court modified it by adding: "But the plaintiff will be entitled to recover for any of the property converted by the defendant and not returned, and for damage such property may have sustained between the time it was converted by the defendant, if it was converted by him, and the time of its return by him to the plaintiff."

Had the evidence shown, beyond controversy, that the property returned was all returned after the commencement of the suit, this instruction would have been unobjectionable; but, applied to the evidence showing that the property was returned before the commencement of the suit, it must have misled the jury.

The judgment below is reversed, and the cause remanded for further proceedings in conformity with the views here expressed.

*Judgment reversed.*