### WALTER W. WHARTON
### v.
### THE PEOPLE, etc.

1. ASSAULT WITH DEADLY WEAPON—JUSTIFICATION.—A person has a right to use such force as may be necessary to prevent a trespass or destruction of his property. If he uses more force than necessary for that purpose he will be liable to prose cu'ion.

2. INSTRUCTION—ASSUMING FACT.—An instruction in a prosecution for an assault with deadly weapon, which assumes that the defendant used a deadly weapon, is erroneous.

3. GOOD FAITH OF DEFENDANT.—So, also, an instruction which makes the guilt or innocence of the defendant depend upon his good faith in attempting to prevent a trespass, and ignores the charge as to the commission of the assault, is erroneous

APPEAL from the County Court of Williamson county; the Hon. GEO. W. YOUNG, Judge, presiding. Opinion filed April 7, 1881.

Messrs. CLEMENS & BURTON, for appellant; that a party in the actual, peaceable possession of lands cannot be forcibly dis· possessed, even by the owner of the better title, cited I. & St. L. R. R. Co. v. Cobb, 68 Ill. 53; Reeder v. Purdy, 41 Ill. 280.

CASEY, J. This was a prosecution against the appellant in the County Court of Williamson county, for an assault with intent to inflict a bodily injury upon the person of George L. Powell.

Wharton v. The People.

The cause was heard at the August term of said court, A. D. 1879, and the defendant found guilty of a common assault. A motion for a new trial was interposed and refused; exceptions were taken and the case is brought to this court by an appeal.

The second assignment of errors is as follows: " The court erred in giving improper instructions to the jury at the instance of the prosecution and against the objection of the defendant."

The second instruction given by the court at the request of the plaintiffs, is as follows:

"The court further instructs you for the People, that although you may believe from the evidence, that at the time of the assault, if you believe from the evidence beyond a reasonably doubt that an assault was made, the witness George L. Powell was committing a trespass to the possession of the inclosure or field, yet this alone would not justify or excuse the defendant in using a deadly weapon to prevent such; and, unless you believe that the defendant acted in good faith, as a reasonably prudent man, to prevent such trespass, your verdict should be guilty."

This instruction does not correctly state the law. The defendant had a right to use such force as might be necessary to prevent a trespass or destruction of his property. If he used more force than was necessary for that purpose, he would be liable to prosecution. Brown v. The People, 39th Ill. 407; Roach v. The People, 77 Ill. 25; Gerchid v. The People, 53 Ill. 296.

This instruction is also clearly erroneous, because it assumes that the defendant did use a deadly weapon. It is the province of the jury to find the facts. Conkright v. The People, 35 Ill. 204; City of Chicago v. Shulten, 75 Ill. 469; Collins v. The People, 48 Ill. 145.

The concluding part of the instruction is also erroneous. The jury were directed that they should find the defendant guilty if they believed that he did not act in "good faith as a reasonably prudent man to prevent such trespass."

This ignores the charge as to the commission of the assault and makes the guilt or innocence of the defendant depend upon his good faith in attempting to prevent a trespass.

We have carefully examined the evidence in this case as it appears in the record, and are well satisfied that it does not sustain the verdict. The county court erred in refusing the motion for a new trial. For these reasons the judgment of the county court is reversed and the cause remanded.

Reversed and remanded.