(No. 21994.—▮▮▮▮▮▮▮)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH ADAMEK, Plaintiff in Error.

*Opinion filed December 22, 1933—Rehearing denied Feb. 8, 1934.*

LOUIS GREENBERG, and GEORGE M. TEARNEY, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and GRENVILLE BEARDSLEY, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Plaintiff in error and Tony Lisula were indicted at the September, 1932, term of the criminal court of Cook county on counts charging the felonious stealing of an automobile, the receiving of stolen property knowing it to have been stolen, and the unlawful driving of an automobile in the absence of the owner thereof and without his consent. Upon

waiver of a jury and a trial before the court Lisula was found not guilty, and plaintiff in error, Joseph Adamek, was found guilty of larceny and sentenced to the reformatory. He has sued out this writ of error.

There are but two assignments of error attached to the record, viz.: (1) The court erred in finding plaintiff in error guilty of the felonious stealing of the automobile; and (2) the guilt of plaintiff in error of the commission of the crime of larceny has not been established beyond a reasonable doubt.

It appears from the evidence that the owner of the automobile parked it at Justice Park, in Cook county, Illinois, at about 3:00 P. M. on September 11, 1932. He left the car locked and on returning for it at about 10:00 o'clock that evening discovered it was gone. It was returned to him the next day by the police of the Stock Yards station, in Chicago, which police station is shown by the evidence to be about five or six miles from the place where the owner had parked it. The owner testified that he had not given anyone permission to drive the car. A police officer of the city of Chicago testified that at about 11:00 o'clock P. M. on September 11, 1932, he with other officers saw an automobile turning into an alley at a high rate of speed; that he was at the time riding in a squad car coming from the opposite direction; that he jumped out of his car, jumped onto the running-board of the car coming into the alley from the opposite direction and arrested plaintiff in error and the other defendant, taking them and the automobile they were driving to the Stock Yards police station. This was proved to be the same automobile which had been stolen in Justice Park and which was returned to the owner as above stated.

Plaintiff in error testified in his own behalf, claiming that he had received the car from a man whom he did not know very well and only by the nickname of "Snuggles"; that Snuggles told him to ride around for a while, and that

he could use the car for about fifteen minutes. It was his testimony that he was merely taking the car from Snuggles for the purpose of riding around in it for a while, and that he did not steal it or know anything about it having been taken from Justice Park. He later returned to the witness stand and admitted that part of his story in regard to Snuggles was a fabrication.

It is argued by plaintiff in error that the evidence, at most, showed him to be guilty of driving an automobile without the consent of the owner thereof and that it was not sufficient to establish his guilt beyond a reasonable doubt. To concur in this argument would be to ignore the established rule that the possession of recently stolen property is *prima facie* evidence of the guilt of the possessor unless the possession is explained in such manner as, at least, to raise a reasonable doubt of guilt. (*People* v. *Knight*, 308 Ill. 182.) The attempted explanation of plaintiff in error apparently failed to raise a reasonable doubt in the mind of the trial judge, and having rejected it he did not in any way abuse his discretion in finding plaintiff in error guilty.

There is some argument to the effect that the trial judge erred in carrying on too long an examination of plaintiff in error when he testified in his own behalf. There was no error in this respect, as the examination was conducted at the request of counsel for plaintiff in error and upon his statement that he desired the judge to fully inform himself as to the facts.

The record being free from prejudicial error, the judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*