(No. 22805.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BRUNO WISZ *et al.* Plaintiffs in Error.

*Opinion filed April 12, 1935.*

FRANK A. McDONNELL, and S. B. McDONNELL, JR., (ELWIN E. LONG, of counsel,) for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE HERRICK delivered the opinion of the court:

Bruno Wisz and Victor Drauktenis (hereinafter called the defendants) were by the criminal court of Cook county, in a trial wherein a jury was waived, found guilty of the theft of an automobile, the property of Thomas W. Dalton. To reverse that judgment the defendants have sued out a writ of error from this court.

No errors are assigned or argued as to any ruling of the court upon the admission or exclusion of evidence, but the sole issue argued is that the guilt of the defendants was not proved beyond a reasonable doubt.

The evidence shows that the Chrysler automobile of Dalton was stolen between 9:00 and 10:00 o'clock on the night of October 30, 1933, while it was parked on one of the public streets in Chicago. About 1:15 P. M. of the next day police officer Daniel F. Mahoney, with three other officers, while cruising in a squad car, noticed a Chrysler automobile, with lights burning, being driven south on Honore street. The police car started to follow the other automobile. The Chrysler at once began to increase its speed and was soon traveling at the rate of fifty miles per hour, with the police car pursuing it. The chase covered about two and one-half miles through the public streets. Lafayette avenue at Forty-third street is elevated, with a subway underneath. As the pursued automobile approached Lafayette avenue the police car was about one-half block behind it. At this point the driver lost control of the Chrysler automobile. It struck a guy wire attached to a pole on the south side of the street and careened from thence to the north side, where the car crashed. Two persons immediately got out of the car. One shuffled across the street and fell down. The other fell on the left rear wheel of the Chrysler car, which was the stolen automobile in question. The police officers found Drauktenis underneath an automobile parked almost directly across, and on the south side of, the street from where the Chrysler was wrecked. Wisz was arrested at the car. The police never lost sight of the car which they were pursuing from the time the chase started until the stolen car was wrecked. Officer Mahoney testified that no persons got out of the automobile other than the two defendants, and that there were no other persons, at the time of the accident, in the immediate

vicinity of the Chrysler car. Before being taken to the police station the defendants stated to the police officers that the defendants had been struck by some machine on the street. At the station the defendants each denied any knowledge of the stolen car or of having been in it. Mahoney testified that he had been in the police service for about ten years, that he knew the smell of intoxicating liquor, and that there was no odor of liquor upon or about the defendants; that neither showed any signs of intoxication, and neither at the time of his arrest nor thereafter said anything about having been drinking.

The defense interposed was an alibi. Wisz did not testify. Drauktenis testified that on the night of October 30, 1933, he was at the home of a girl friend from 8:00 P. M. until after midnight, and that Wisz and a girl companion were also present during all that period. He denied that either he or Wisz was in the stolen automobile on October 31. He further stated that about 1:00 P. M. on that day he and Wisz had been in a tavern at Forty-fourth and Wood streets, less than half a mile from the scene of the accident. The tavern was operated by a man whose first name was Joe. Drauktenis stated that Wisz was intoxicated and he was taking Wisz home at the request of the tavern keeper, who had told him that Wisz had some money on him; that the defendants were struck at the same time, while they were on the sidewalk on the north side of Lafayette street. Drauktenis had no recollection of how he got under the automobile on the opposite side of the street, where he was found by the officer.

Helen Lynch testified that she knew both of the defendants; that on October 30, at about 9:00 or 10:00 o'clock P. M., she was with both defendants at the home of a girl friend; that none of the party left until about 12:30, and that the defendants had been at this same home almost every night before that for a considerable period of time. She did not state the name of the girl friend,

nor did she remember the approximate hour at which either of the defendants left on any night prior to October 30.

Bert Kuchis testified that about 1:00 o'clock P. M. of October 31 he saw the two defendants walking on the opposite side of the street. The witness himself was in the vicinity of Oakley avenue and Forty-third street, returning from the stock yards. He saw the wrecked automobile but did not see it crash. He did not at that time know the defendants but became acquainted with them by responding to an advertisement appearing in the personal column of a Chicago daily paper asking for a witness to the accident. He stated he first saw the defendants when they were on the down-grade entering the subway; that he saw what he designated as the "injured drunks" right by the automobile, and that he was a block away, on the opposite side of the street from the scene of the accident, at the time it occurred.

No other evidence was offered at the trial. Neither the tavern keeper mentioned in the testimony of Drauktenis nor the girl friend testified to by him as being in the company of his co-defendant on the night that the car was stolen was produced at the trial.

Alibi is an affirmative defense. Where the *corpus delicti* is proved, together with evidence tending to show the guilt of the defendants, and the defense of an alibi is interposed, the burden of establishing the alibi is upon the defendants, although on the whole case their guilt must be proved beyond a reasonable doubt. (*People* v. *Gormach,* 302 Ill. 332; *Hauser* v. *People,* 210 id. 253.) The undisputed evidence is that the stolen automobile was traveling at the rate of fifty miles per hour at the time of the accident, and it is rather significant that neither defendant claims he was knocked down at the time he was struck by the automobile and only superficial injuries were sustained by them.

This court has frequently held that the testimony of one witness, only, although denied by the accused, may be sufficient to sustain a conviction. (*People* v. *Fortino,* 356 Ill. 415.) The law has committed to the trial court, in cases where a jury is waived, the determination of the credibility of the witnesses and of the weight to be accorded their testimony, and where the evidence is merely conflicting this court will not substitute its judgment for that of the trial court. (*People* v. *Fitzpatrick,* 359 Ill. 363; *People* v. *Kidd,* 357 id. 133; *People* v. *Kubish,* 357 id. 531; *People* v. *Mangano,* 356 id. 178; *People* v. *Fortino, supra; People* v. *Bureca,* 355 Ill. 202.) The evidence in the case at bar is not of that unsatisfactory character which would justify the interference by this court with the judgment of the trial court.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*