(No. 22907.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY MIZZANO *et al.* Plaintiffs in Error.

*Opinion filed April 17, 1935—Rehearing denied June 11, 1935.*

CHARLES A. BELLOWS, for plaintiffs in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, HENRY E. SEYFARTH, and JOHN T. GALLAGHER, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

Plaintiffs in error were found guilty in the criminal court of Cook county of the crime of burglary. On August 6, 1934, the store of the Commonwealth Edison Company on Irving Park boulevard was entered through a skylight. The rear door was unlocked and merchandise worth $2600, including radios, radio tubes, electric appliances and the like, was stolen. On August 14 plaintiffs in error were arrested at the residence of plaintiff in error Scallati, and the property taken from the Commonwealth Edison Company store of the value of $2500 was found in the garage and identified by the manager of that store at the police station on August 15.

Prior to the commencement of the trial a motion and petition to suppress the evidence of the goods seized by the police was filed, alleging that Philip Scallati lived at 4241 Lawndale avenue, in the city of Chicago, and that certain police officers illegally entered his house and garage and took his property; that they did not have a search warrant and that there did not exist any probable cause or reasonable ground for a belief that petitioner had committed any crime. The petition also set out that the petitioner was informed that the State's attorney intended to use the evidence in the trial. A hearing on the petition was asked and witnesses were called. Among those called by plaintiffs in error were the police officers who made the arrest. These officers testified on this hearing that they went to those premises on information which they had received that a lot of electrical appliances taken in a burglary could be found there. They received the information through a letter given them by the chief of detectives. Two of them went to the front door. The wife of plaintiff in error Scallati answered the door. Officer Healy told her that they were police officers and that they had information that stolen goods were in her house and in her garage; that she told them to go in and search the house, and that she had received letters and had had police there before. Healy made a search of the house and in it saw three radios. In the garage merchandise worth about $2500 was found and taken to the police station. This was the property identified by the manager of the Commonwealth Edison Company. Officer Lalowski testified that he drove the squad car with officers Tauzinsky, McDermott and Healy, and that after Healy and Tauzinsky got out to go to the front door he drove the car around to the rear and he heard noises in the garage; that officer McDermott knocked several times on the side door of the garage, and that the rear door suddenly opened and the two Mizzanos and Ackerman ran out and he ar-

rested them; that one of the Mizzanos asked him for a "pass," and said, "You can have whatever is in there." This was the evidence offered by the petitioner on his motion to suppress. The court denied the motion, and properly so. There was no evidence of an unlawful search. While the officers did not have a search warrant, they had been informed that stolen property was to be found in that building and searched the premises with the consent of Mrs. Scallati. This testimony was given by these officers as witnesses for the petitioner. The property seized was not offered in evidence and no specific objection was made to the introduction of the company's inventory of it. The facts of this case do not bring it within those cases cited by counsel for plaintiffs in error. It was not error to deny the motion to suppress.

On the trial, evidence of the ownership and identification of the articles found by the officers was given and was not disputed. The officers testified on the trial of the cause as they had testified on the petition to suppress the evidence. There was taken from Henry Mizzano, one of plaintiffs in error, a book containing several slips of paper on which were written various items of electrical appliances, with figures indicating price following. Three of the defendants, Henry and Joe Mizzano and George Ackerman, testified in their own behalf. Each denied knowing anything about the merchandise. All denied having been in the garage that day. They testified they went to Scallati's place to figure a cement repair job, and that at the time of their arrest they were in the alley near the garage, to which they had just returned after visiting a school building to see about getting cinders for the repairs. It appears from the testimony of the officers that while they were in the Scallati residence, Scallati, who had been away, returned and they arrested him. He declared that he had rented the garage to a man named J. Gerko, and that he (Scallati) did not know anything about the stuff

in the garage. He at first stated he had not had his car in the garage for about a month, but later said that he had kept his car in the south end of the garage until the previous Saturday. Two former employers of Scallati testified that they had employed him for four and three years, respectively, prior to October, 1933. There was testimony as to Joe Mizzano that he had been ordered by a doctor to be in bed during the month of August. Also evidence of employment of Henry Mizzano.

Plaintiffs in error here assign as error, in addition to the refusal of the court to suppress evidence, instructions of the court to the jury, prejudicial conduct of the State's attorney and rulings on evidence. It is also contended that the evidence does not support the verdict. In support of the last contention counsel argues that the evidence of the People is circumstantial and leaves a serious doubt as to the guilt of the accused. It was, in the first instance, in the province of the jury to determine their guilt or innocence. That the property found in the garage was stolen property of the Commonwealth Edison Company is not denied. Whether Henry and Joe Mizzano and George Ackerman, all plaintiffs in error, were in the garage and ran out at the back door when a police officer rapped at the side door was for the jury to determine. The officers testified to those facts and the accused denied them. Scallati is a brother-in-law of the Mizzanos, and according to the evidence offered on his behalf on the trial and on his motion to suppress evidence of the goods found in the garage was the occupant of all the premises, unless he had, as he testified, rented the garage.

Recent possession of stolen property is *prima facie* evidence of guilt of the possessors unless the possession is explained in such manner as to at least raise a reasonable doubt of guilt. (*People* v. *Adamek,* 354 Ill. 551; *People* v. *Knight,* 308 id. 182.) Counsel argues that it cannot be said the stolen goods were in the sole possession of these

defendants. The evidence of the People, however, tended to so prove.

It is evident that the testimony of the plaintiffs in error did not convince the jury, and after a careful review of all the evidence we are unable to say that the jury was not justified in finding plaintiffs in error guilty.

Counsel for plaintiffs in error also raises here certain specific objections to instructions given the jury and complains of the failure of the court to give certain instructions offered by him. Under rule 27 of this court, instructions in criminal cases shall be given in accordance with section 67 of the Civil Practice act. That section, in so far as applicable here, is as follows: "The court shall give instructions to the jury only as to the law of the case. They shall be in writing, in the form of a continuous and connected narrative and not a series of separate instructions. To assist the court in fully and accurately instructing the jury as to the law, the parties may at any time submit to him suggestions orally or in writing, and before the case is argued to the jury, the parties shall be given an opportunity out of the presence of the jury to read the instructions which he proposes to give, and then to make other or further suggestions as to matters omitted, or to make objection to such parts thereof as are deemed to be incorrect or misleading, such suggestions or objections to be specific. All suggestions which are not adopted and all objections made which are overruled may be made a ground of review, but all suggestions or objections to the instructions must be made before the jury retires from the bar, or within such further time as the trial court may by order allow before the jury retires from the bar, or they will be deemed to have been waived." The abstract does not show any suggestions or specific objections to the instructions or attempts to specifically point out wherein requested instructions were not covered by the instructions which the court proposed to give. The objections made were but

general and do not comply with section 67 of the Civil Practice act. We are satisfied that the instructions offered were, so far as they presented correct propositions of law, covered by the instructions given.

It is also argued here that the judgment should be reversed by reason of statements made in argument by the State's attorney. Two statements are pointed out. One is: "Defendant Joe Mizzano was well acquainted with police methods." The other is: "It is the duty of the jury to say whether or not men of that type can keep roaming the streets and burglarize homes and shops." We are unable to tell from these isolated statements whether they were justified, nor are we able to see wherein they would tend to inflame the minds of the jury. It was within the province of the State's attorney to urge the jury to rid the community of such persons as plaintiffs in error if they believed them guilty. *People* v. *Daniels,* 354 Ill. 600; *People* v. *Wood,* 318 id. 388.

It is also argued that the court erred in admitting People's exhibit 2, which was a police inventory of the goods found in the garage, on the ground that it was incompetent and contained a statement that the property was found in the possession of the Mizzanos and Ackerman, and that it was error to admit the reports of certain doctors as tending to dispute the testimony of Joe Mizzano that he had been mistreated by the officers, and required, and was given, medical treatment. They also complain of the introduction in evidence of a note-book herein referred to, found in the possession of one of the accused, on the ground that it had no connection with the case and tended to confuse the jury. None of these objections were urged in the trial court. A general objection was made to the introduction of the inventory and other exhibits which did not point out wherein they were incompetent or immaterial. It was held by this court in *People* v. *McCurrie,* 337 Ill. 290, that the trial court is entitled to know what specific frailty

exists in the evidence objected to, and that a general objection to the introduction of exhibits does not raise a question of their sufficiency.

From an examination of the entire record we are unable to find error therein requiring reversal of the judgment.

The judgment is affirmed.                *Judgment affirmed.*