George F. Zorger, Appellee, v. The Prudential Insurance Company of America, Appellant.

Gen. No. 38,075.

Opinion filed November 20, 1935.

HOYNE, O'CONNOR & RUBINKAM, of Chicago, for appellant; NATHANIEL RUBINKAM and WILLIAM S. ALLEN, of Chicago, of counsel.

A. W. MARTIN and EDWARD H. S. MARTIN, both of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.
This cause is in this court on appeal by the defendant from a judgment of $10,180 for the plaintiff en-

tered by the court upon a verdict of the jury. The plaintiff brought suit upon two certificates under a group insurance policy, and seeks to recover for a total and permanent disability. The action is based upon the provisions of the policy, which provide that if an employee, while the insurance on his life under the group policy is in full force, shall become totally and permanently disabled or physically or mentally incapacitated to such an extent that by reason of such disability or incapacity he is rendered wholly, continuously and permanently unable to perform any work for any kind of compensation of financial value during the remainder of his lifetime, the amount of insurance will be paid to the employee either in one sum six months after the company has received due proof of such disability or incapacity, or in monthly instalments during five years, in accordance with the provisions of the group policy.

The life insurance policy, also sued upon, provides that if the insured shall become totally and permanently disabled, either physically or mentally, from any cause whatsoever, to such an extent that he is rendered wholly, continuously and permanently unable to engage in any occupation or perform any kind of work for any kind of compensation of financial value during the remainder of his lifetime and such disability shall occur while said policy is in full force and effect and before any nonforfeiture provision shall become operative, the company, upon receipt of due proof of such disability, will waive premiums due after receipt by the company of said proof of such disability and will pay the insured a monthly income of $100 per month.

The facts as they appear from the evidence are that the plaintiff was insured as an employee of the defendant company under the terms of a group policy issued by the defendant. Two certificates for $4,000 each were issued by the defendant company and received

by the plaintiff, together with a life insurance policy of $6,000, upon which premiums were paid to the defendant, and which were in force at the time of the instigation of this litigation.

The issues between the parties, from the facts as they appear in the record, are as to whether the plaintiff filed due proof of total and permanent disability, as required by the terms of the policies, and whether the evidence establishes that the company waived further and other proof of the disability suffered by the plaintiff by its action denying liability. Further, did the plaintiff establish by the evidence that he was totally and permanently disabled within the terms of the policies issued by the defendant?

The plaintiff filed his proof of claim alleging permanent and total disability, and upon receipt of plaintiff's proof of loss the defendant investigated the plaintiff's claim, and as a result of such investigation denied liability, upon the ground that the plaintiff was not totally or permanently disabled, and upon this ground alone denied liability under the provisions of the policies issued by the defendant.

The fact is that the plaintiff filed his proof of total and permanent disability upon the forms provided for by the defendant, and part of the proof of loss is the attending physician's statement, which is signed by Dr. Joseph Mizock, and dated June 23, 1931. The doctor answered the several questions, and in reply to the question to state, diagnose and describe fully the injury or illness causing the present disability, stated that the plaintiff was so disabled that he would for all time be prevented from engaging in any gainful work as the result of exophthalmic goiter, myocarditis and chronic nephritis. It also appears that the same doctor made a similar statement dated September 18, 1931, the difference being the date when the plaintiff's health was first affected, March 3, 1931, instead of March 3,

1930, the date given in his former certificate. In the former certificate dated June 23, 1931, signed by the doctor and filed with the defendant company, it appears that he was first consulted on February 10, 1931, and that he believes the insured has been continuously disabled from March 3, 1930. It is to be noted that both of these dates are prior to March 3, 1931. It is significant, however, that upon the filing of these certificates by the doctor, the defendant made an investigation and did not make any objection to the physician's statements, other than to determine from defendant's investigation that the plaintiff was not permanently disabled.

The defendant does not question that the proofs of loss were submitted by the plaintiff, but the contention is, as we understand from defendant's brief, that the proofs submitted were not sufficient, and therefore the plaintiff cannot recover in this action. Among the cases cited, the defendant quotes a portion of the opinion of the court in the case of *Garvis v. Northwestern Mut. Relief Ass'n,* 102 Wis. 546, in which we believe the court stated a rule which is applicable to the case now before us, when it said:

"The contract required due proof of claim. That gave the assurer, necessarily, authority to require reasonable proof of the existence of the conditions upon which the claim against the company under the contract was based. The term 'due proof' did not require any particular form of proof which the assurer might arbitrarily demand, but such a statement of facts, reasonably verified, as, if established in court, would *prima facie* require payment of the claim."

Applying this rule, the sole question to be determined is: If the evidence in support of the proof of loss establishes a prima facie case, which the defendant rejected, can the plaintiff, under the facts as they

appear, recover under the terms of the policies of the defendant?

The question in this case is largely one of fact. From an examination of the record we find that a number of physicians were called as witnesses and testified as to the condition of the plaintiff, which testimony was based not only upon a physical examination, but also upon their answers to hypothetical questions. The evidence of the plaintiff clearly establishes the fact of his illness, and tends to show that he is suffering from exophthalmic goiter and a bad heart condition, and while there is some dispute as to plaintiff's ability to engage in a gainful occupation, still it appears from all the evidence that the plaintiff is suffering from a physical disability. As to whether he is totally and permanently disabled was a question for the jury, and we are unable to say from this record that the verdict arrived at by the jury is against the manifest weight of the evidence.

In considering the objections, the defendant calls to our attention certain instructions alleged to be erroneous, but upon examination we are unable to find that the defendant for the purpose of the record made specific objection to the giving of the several instructions before the jury retired. The Civil Practice Act provides in sec. 67, ¶ 195, ch. 110, Cahill's Ill. Rev. Stats. 1933, in part:

". . . but all suggestions or objections to the instructions must be made before the jury retires from the bar, or within such further time as the trial court may by order allow before the jury retires from the bar, or they will be deemed to have been waived."

As the record is silent as to the objections of the defendant, the question before us at this time cannot properly be considered in determining the question whether because of erroneous instructions a new trial should be granted. In the case of *People v. Polak,* 360

Ill. 440, the Supreme Court had occasion to consider this question, and upon consideration, the court said:

"The record fails to show any objections to these phases of the narrative instructions made before the jury retired, or any order made by the trial court before the jury retired from the bar allowing further time for the making of such objections, as required by rule 27 of this court, construed in conjunction with section 67 of the new Civil Practice Act. . . . The action of the trial court in giving instructions against which complaint is made is not properly preserved for review and this court is without authority to pass upon the correctness of such instructions." See also *People v. Mizzano,* 360 Ill. 446. The defendant having failed to comply with the statutory provision, as well as the rules of court, for making an objection before the jury retires, this court will not consider the objections made, nor the error contended for in the giving of these instructions.

Our attention has been called to the question of admissibility of evidence of a witness produced by the defendant by which the defendant offered to prove that the witness had talked with Dr. Mizock on October 6, 1931, and that the doctor had made statements entirely contradictory to what he had certified in statements filed with the defendant company. This doctor was a witness upon the trial of the case, and during examination his attention was not called to any statements alleged to have been made by him which would tend to impeach his testimony. The general rule is that for the purpose of impeachment of a witness, the witness should be asked and given an opportunity to answer questions involving the supposed contradiction, and in this way the jury may determine from the attitude of the witness and his answers to the impeaching questions whether or not the evidence tends to impeach the witness.

In the case of *Hirsch & Sons Iron & Rail Co. v. Coleman*, 227 Ill. 149, the court held that before a witness can be impeached by showing that he has made oral statements out of court inconsistent with his testimony, he must be asked as to the time, place and persons involved in the alleged contradiction. This the defendant did not do in the instant case, and for this reason the trial court did not err in sustaining the plaintiff's objection to the testimony of the witness called by the defendant for the purpose of contradicting that of Dr. Mizock.

Having considered the various objections made by the defendant, we believe the court did not enter erroneous rulings such as would deprive the defendant of a fair trial. On the contrary, we are of the opinion that the evidence sustains plaintiff's theory and under the facts as they appear in the record he is entitled to recover the amount fixed in the policies.

For the reasons stated in this opinion, the trial court was fully justified in entering judgment on the verdict of the jury. The judgment is accordingly affirmed.

*Judgment affirmed.*

HALL, P. J., and DENIS E. SULLIVAN, J., concur.