(No. 23382.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FLOYD OVERBEY, Plaintiff in Error.

*Opinion filed February 19, 1936.*

HERBERT M. WETZEL, and WILLIAM J. EARLEY, (GEORGE H. SUGRUE, of counsel,) for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, and RICHARD H. DEVINE, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

Floyd Overbey was indicted in the criminal court of Cook county for larceny of a motor vehicle. He entered a plea of not guilty, waived a trial by jury, and the court found him guilty. Motions for a new trial and in arrest of judgment were overruled and the defendant was sentenced to imprisonment in the penitentiary for an indeterminate term of from one to twenty years. He prosecutes this writ of error.

On March 3, 1935, about 8:30 P. M., Ole Nelson, the owner of a 1930 Chevrolet automobile, sedan model, locked his car and parked it on one of the public streets in Chicago. When he returned for his automobile two hours later it was gone. On the afternoon of March 6 police officer John Morgan arrested the defendant while the latter was engaged in an argument with the proprietor of a gas station. When apprehended the defendant was in a Chevrolet sedan which had a "For sale" sign on it. Officer Morgan took the defendant and the automobile to the Chicago Lawn

station. Morgan pointed out the automobile to Francis Murray, another police officer. Murray testified that the car shown him by officer Morgan was a 1930 Chevrolet sedan; that no license was displayed on the car, and that the motor number was 341773 but that the serial number had been removed. From his examination of the car he expressed the opinion that the motor number had been changed. In particular, he testified that the motor numbers, and the bolts which carry them, appeared to have been ground off in a manner different from the usual factory methods. Another indication of tampering, according to the witness, was a certificate of title which purported to be the certificate for the car in question. This certificate was discovered when the defendant was arrested. Although the motor number designated in the certificate was 341773, (the same number which appeared on the stolen car when recovered,) the ownership certificate was for a 1929 Chevrolet, cabriolet model, and not for a 1930 sedan model. Murray took the car to the Navy Pier police garage. On March 7 he accompanied Ole Nelson to the garage, where Nelson positively identified the automombile as his property and it was surrendered to him.

The defendant testified that between 8:30 and 10.30 P. M. on March 3, 1935, he was playing cards with William Miles, Otto Neslund and Harry C. Nelson, Jr., in Nelson's second floor apartment at 2542 South Normal avenue, and that Harold Overbey, one of his sons, was also present. Each of these four persons testified in behalf of the defendant and corroborated his testimony. Harold Overbey testified that he observed but did not participate in the card game. From their testimony it also appears that the defendant resided with Harry Nelson; that Harold Overbey, and Miles, his step-father, lived on the first floor of the same building and that Neslund owned it.

Additional facts and circumstances are shown by the evidence. The defendant testified further that he did not

remain at home on March 4; that on the following day he went out to see about some batteries; that on March 6 he unsuccessfully attempted to borrow a car; that he then drank some whisky and became intoxicated; that he did not know when or where he was arrested; that he had no recollection of driving an automobile prior to his arrest, and that he did not know where he obtained the car in which he was found. Harry Nelson testified that he had seen and talked with the defendant when the latter was intoxicated and that on such occasions he appeared rational. The defendant's son added, that when his father was intoxicated he sometimes knew what he was doing and that at other times he did not.

The defendant contends that the evidence fails to establish his guilt beyond a reasonable doubt. Possession of recently stolen property is *prima facie* evidence of the guilt of the possessor unless the possession is explained in such manner as at least to raise a reasonable doubt of guilt. (*People* v. *Adamek,* 354 Ill. 551.) The only explanation which the defendant made of his possession of the stolen automobile was that he was intoxicated when arrested, and, in consequence, did not remember or know where he obtained the car. The defendant's proffered explanation failed to raise a reasonable doubt in the mind of the trial judge and he was fully warranted in rejecting it.

The defense of alibi interposed is an affirmative defense. Where the *corpus delicti* is proved, together with evidence tending to show the guilt of the defendant, and the defense is an alibi, the burden of establishing the alibi rests upon the defendant, although upon the whole case his guilt must be proved beyond a reasonable doubt. (*People* v. *Kerbeck, ante,* p. 251; *People* v. *Wisz,* 360 Ill. 126.) The law has committed to the trial judge, where a cause is tried by the court without a jury, the determination of the credibility of the witnesses and of the weight to be accorded to their testimony, and where the evidence is merely

492

conflicting this court will not substitute its judgment for that of the trial court. (*People* v. *Martishuis*, 361 Ill. 178; *People* v. *Wisz, supra; People* v. *Lipiano*, 358 Ill. 475.) From a consideration of all the evidence we cannot say that there is such a reasonable doubt of the defendant's guilt as would warrant a reversal.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*