(No. 32386.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MORRIS LITBERG, Plaintiff in Error.

*Opinion filed September 17, 1952—Rehearing denied Nov. 17, 1952.*

Maurice A. Winkler, and Howard C. Goldman, both of Chicago, for plaintiff in error.

Ivan A. Elliott, Attorney General, of Springfield, and John S. Boyle, State's Attorney, of Chicago, (John T. Gallagher, Rudolph L. Janega, Arthur Manning, and William J. McGah, Jr., all of Chicago, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

Plaintiff in error, Morris Litberg, was indicted in the criminal court of Cook County on counts charging larceny of a motor vehicle, receiving and concealing the vehicle and tampering with the vehicle. He pleaded not guilty, waived a jury and, after a trial before the court, was found guilty on the count charging larceny and sentenced to the penitentiary for a term of not less than three nor more than ten years. He prosecutes this writ of error to review the judgment of conviction assigning errors which attack the sufficiency of the evidence and contending that the trial court based its finding of guilty on assumed and nonexistent facts.

It appears from the record that the owner of the stolen vehicle in question locked it and parked it in front of his home in Chicago at approximately 1:00 A.M. on April 3, 1950. When he arose at 8:00 A.M. the vehicle was gone and its disappearance reported to the police. The motor

number of the car was P8TH8654. On April 6, 1950, plaintiff in error sold the same vehicle to Auto Exchange, Inc., a Chicago concern, whose secretary and treasurer, Ben Bakrins, completed the transaction with plaintiff in error. Plaintiff in error presented a Wisconsin title, which represented that the owner of title was one Robert Lewis and that the latter had transferred title to plaintiff in error on March 27, 1950, a number of days before the actual theft. It subsequently developed that the Wisconsin title was completely fictitious. The motor number on the Wisconsin title was P8TH6964 and it was later determined that the motor and serial numbers on the vehicle had been altered to conform with those appearing on the Wisconsin title. Bakrins paid plaintiff in error $2000 and had him apply for an Illinois title which plaintiff in error then signed over to Bakrins. The car was recovered by the police late in July, 1950, and within a few days the owner identified and recovered it.

Bakrins was the only witness for the prosecution, the remainder of the proof being documentary evidence, which included the fictitious Wisconsin title, plaintiff in error's application for an Illinois title, the Illinois title, and a stipulation as to the motor number of the stolen vehicle as compared with the motor number appearing on the Illinois title application.

Plaintiff in error testified in his own behalf, stating that he had purchased the car from one Albert Fox, purportedly a car dealer from Milwaukee, Wisconsin, who made a practice of buying used cars for cash and immediately reselling them. In explaining his relationship with Fox, plaintiff in error testified that he was in the bakery business and customarily made his deliveries at night; that he had seen Fox several times in a restaurant to which he delivered and that the two men had formed a nodding acquaintance. Fox is said to have come to plaintiff in error's bakery about 1:00 A.M. early in January, 1950,

to purchase some bakery goods and in the course of his visit to have asked plaintiff in error if he knew someone who would like to buy a car. When the latter stated that he would inquire of friends who were in the automobile business, Fox left the car with him and he sold it to a Chicago dealer the next day, passing the sale money on to Fox and receiving a commission. Plaintiff in error related that he had sold ten cars for Fox in this manner, that in each case Fox would have a Wisconsin title endorsed in blank, that plaintiff in error's name would be inserted as assignee, that he (plaintiff in error) would apply for an Illinois title and assign it to the particular dealer to whom it was sold; and that he would take a check in payment which he would cash, give the proceeds to Fox and then receive a commission.

With respect to the car which plaintiff in error is charged by the indictment to have stolen on April 3, 1950, he testified that Fox had brought it to his bakery at 1:00 A.M. the night of April 6, 1950, and had given him the fictitious Wisconsin title bearing the name of Robert Lewis and a blank endorsement under date of March 27, 1950. He further testified that he had intended to buy this particular car for his wife, but after some dispute took it to the Auto Exchange, Inc., the same day, where he sold it to Bakrins for $2000; that he told Bakrins that he had obtained the car April 6, 1950, but that Bakrins in filling out plaintiff in error's application for an Illinois title had indicated that plaintiff in error had acquired the Wisconsin title to the car on March 27, 1950. While the record is not entirely clear, the purport of his testimony appears to be that he had departed from his normal arrangement with Fox and had paid cash for this particular car prior to the time it was sold to Bakrins. Plaintiff in error denied that he had stolen the car or that he had knowledge that it was a stolen car and testified that the first time he knew the cars he had sold were stolen was on the day of his arrest. On cross-

examination he professed to have little personal knowledge of Fox and stated that he had made no inquiry into Fox's method of doing business.

Philip Epstein, a police officer, appeared as a witness for the defense and testified that he was acquainted with plaintiff in error; that in March or April, 1950, he had occasion to investigate a car, without license plates, which was double-parked; that the occupants were plaintiff in error and a man who showed a Wisconsin title to the car and a business card which showed he was a car dealer from Wisconsin, and that the latter's name was Fox. On cross-examination he stated that he did not know whether the man's name was Fox or not but on redirect questioning said he thought the name on the man's business papers was Alvin Fox. It was stipulated that, if police officer Richard Nelson, who was Epstein's partner, were to appear and testify, his testimony would be the same as officer Epstein's. Other witnesses appearing for the defense were Herman Steinberg, a baker, who testified to plaintiff in error's good reputation in the bakery business and Charles Sarallo, representative of a milling company which did business with plaintiff in error, who testified as to the accused's good reputation as being a law-abiding citizen.

From the facts detailed it may be seen that the only evidence against plaintiff in error is his possession of the stolen vehicle at a time three days after its theft. He contends that when the inference which arises from his possession is weighed against his reasonable and detailed explanation, there has been a failure to establish his guilt beyond a reasonable doubt. It is the rule that possession of recently stolen property is *prima facie* evidence of guilt unless the possession is explained in such a manner as at least to raise a reasonable doubt of guilt. (*People* v. *Overbey*, 362 Ill. 488; *People* v. *Adamek*, 354 Ill. 551.) The possession must be exclusive, though it may be joint, and it must be recent. (*People* v. *Malin*, 372 Ill. 422.)

Possession of such a nature after a theft is sufficient to warrant a conviction, unless the attending circumstances, or other evidence, so far overcome the inference it raises as to create a reasonable doubt of the defendant's guilt. (*People* v. *Strutynski,* 367 Ill. 551; *People* v. *Norris,* 362 Ill. 492; *People* v. *Kubulis,* 298 Ill. 523.) In applying the rule, this court early recognized that possession could in some circumstances be the strongest character of evidence of a defendant's guilt, while under other circumstances it might be but slight, if any, evidence of guilt. (*Conkwright* v. *People,* 35 Ill. 204.) The same case holds that the previous good character of an accused is a circumstance to be considered in applying the rule, and states that, in cases where all the circumstances fail to do more than create but slight evidence of guilt, evidence of previous good character may repel all presumption of guilt.

In the present case it is plaintiff in error's contention that the presumption of fact arising from the possession of the stolen vehicle has been overcome, first, because the proof failed to show that his possession was recent, second, because his plausible explanation of possession creates reasonable doubt as to his guilt, and, third, that the evidence of his previous good character was sufficient to rebut all presumption of guilt.

In contending that the proof failed to show his possession was recent, plaintiff in error argues that his possession three days after the theft was sufficiently remote in time as to have given fair opportunity to the thief to dispose of the vehicle and for himself to have acquired it honestly. (See: *People* v. *Bullion,* 299 Ill. 208.) The presumption of guilt arising from possession of stolen property does not assume that there is any certain time within which the possession may be said to be recent and, therefore, proof of guilt. As a practical matter, as the time between the larceny and the possession is enlarged, the necessity for additional evidence arises. Ordinarily, there-

fore, the question of whether possession of stolen property is recent enough to raise a presumption of guilt is a question of fact for the jury, or for the trial court where a jury is waived, although in extreme cases it may become a matter of law. (*People* v. *Malin,* 372 Ill. 422.) The *Malin case* also points out that, in determining recency of possession, time is not the only element to be considered, but attention must also be given to the circumstances and character of the goods, their salability, and whether they are cumbersome or easily portable. We are not inclined to say, in this case, that plaintiff in error's possession of the stolen vehicle three days after the theft presents such an extreme case as would require us to hold, as a matter of law, that the possession was not recent enough to warrant conviction. In both *People* v. *Overbey,* 362 Ill. 488, and *People* v. *Norris,* 362 Ill. 492, possession of stolen automobiles three days after their theft was held to be possession recent enough to support a conviction of larceny. Another circumstance to be considered in this case is that considerable time must have been consumed between the time of the theft and plaintiff in error's first known possession in altering the motor and serial numbers on the vehicle to correspond with those appearing on the fictitious Wisconsin title. Until this was done the vehicle could not be offered for sale to a legitimate purchaser. We conclude that the evidence amply established that plaintiff in error's possession was a recent possession within the rule.

With regard to the contention that plaintiff in error's "perfectly normal" explanation of his possession casts reasonable doubt upon his guilt, we can only say that the law has committed to the trial judge, where a cause is tried by the court without a jury, the determination of the credibility of the witnesses and of the weight to be given to their testimony. Plaintiff in error's proffered explanation failed to raise a reasonable doubt in the mind of the trial judge and from our examination of the entire record

we believe he was fully warranted in rejecting it. On review, this court will not disturb a finding of guilt unless it is palpably contrary to the weight of the evidence or is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of a defendant's guilt. (*People* v. *Tomaszewski*, 406 Ill. 346; *People* v. *Hicks*, 362 Ill. 238.) Nor do we believe, as plaintiff in error insists, that the circumstances of guilt surrounding his possession of the stolen vehicle are so slight as to have been repelled by the evidence of his previous good reputation in the bakery business and as a citizen. While the case of *Conkwright* v. *People*, 35 Ill. 204, holds that good character is a circumstance to be considered in cases where the rule relating to possession of stolen property is invoked, it also holds that it is only where possession can be said to constitute slight evidence of guilt, that evidence of previous good character will repel all presumption of guilt. Plaintiff in error's recent possession of a stolen vehicle, on which the motor and serial number had been altered and for which he bore a fictitious Wisconsin title, does more than create slight evidence of guilt. We find no merit to his contention.

Complaint is made that the trial court based its judgment on unwarranted conclusions predicated on nonexistent facts. This charge is based on comments made by the trial judge at the time he entered judgment and later when he denied an application for probation. Referring particularly to plaintiff in error's own testimony, the court stated that he had no doubt but what plaintiff in error was a member of a combine of car thieves and that his testimony disclosed not one vehicle theft but a series of thefts patterned exactly alike. In his concluding remark, when entering judgment, the judge stated: "There isn't the slightest doubt in my mind of this man's guilt not only of this car but of the other cars now that he has testified to them in connection with his attempted offer excusing himself and in explanation on this particular one. But I'm finding him guilty, of

course, only on this particular car." It is contended that the evidence does not warrant the conclusion that plaintiff in error was a car thief or that the other cars he admitted selling were stolen vehicles. Plaintiff in error himself was the one who injected most of the evidence commented upon into the record. It was his testimony which established that he had sold a series of cars in the same manner as he had sold the vehicle he is charged with having stolen. When telling of his arrest, his testimony also brought to the court's attention that all of the vehicles he sold had been stolen. Bakrins testified on both direct and cross-examination that he had purchased six cars from plaintiff in error and stated, without objection, that all six turned out to be stolen vehicles, that he had to refund the sale price to the purchasers of the vehicles, and that he had filed a civil suit against plaintiff in error to recover the money he had refunded on the six vehicles. In face of the record, the contention that the trial judge made unwarranted conclusions predicated on nonexistent facts must be rejected. The remarks made by the judge on the hearing of the application for probation need not be considered here, for such proceeding is no part of the record to be reviewed by this writ of error.

We cannot say that the court, sitting without a jury, committed prejudicial error in commenting on the evidence as he did. There was ample evidence to prove the theft of the vehicle named in the indictment under which plaintiff in error was charged, and the closing remarks of the judge before entering judgment indicate that he was cognizant of his duty to consider all the evidence only insofar as it was relevant to the crime charged.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*